353 So.2d 643 (1977)
Francis WINGERT, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 76-1849, 76-1893.
District Court of Appeal of Florida, Third District.
December 27, 1977.
*644 Robert M. Leen, Hollywood, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
These consolidated appeals are by Francis Wingert, who was found guilty of murder in the second degree and sentenced to twenty years imprisonment. The first appeal is from the judgment and sentence. The second appeal is from the denial of his motion to vacate the judgment and sentence on the ground of inadequacy of counsel at the trial. The defendant was represented by the public defender at his trial and was represented by a specially-appointed public defender in the preparation and presentation of his motion for relief pursuant to Fla.R.Crim.P. 3.850 and in the handling of these appeals.
Police officers, upon investigating a report of an odor emanating from defendant's apartment, found a dead body. Thereafter, the police officers went looking for the defendant and found him in a bar, at which time they asked him to accompany them to the station in order to aid in the investigation of the matter. At the station, defendant was given his Miranda warnings and voluntarily made a statement in which he admitted killing the victim but claimed the killing was done in self-defense. No explanation was offered of why the death had not been reported.
At defendant's trial, a woman companion who was present at the killing testified that the victim had been killed when the defendant took a hammer and struck the victim several blows on the head after the victim had "passed out" from the consumption of alcohol. The public defender knew of the existence of the tape recorded statement, but did not make a motion for its suppression. He did object to the introduction of the statement at the trial on the ground that defendant had been drunk and did not understand his constitutional rights, but he did not indicate to the court at that time that he had not had an opportunity to hear the statement. The court ruled that because no motion had been made prior to trial, pursuant to Fla.R.Crim.P. 3.190(i), objecting to the statement, the Miranda objection would not be considered at the time of the trial.[1] The judge did, however, rule that the statement was voluntarily made. This ruling is clearly sustained by the showing in this record that the defendant accompanied the police officers to the station when he was not under arrest and was anxious to give his exculpatory statement. Cf. Miranda v. Arizona, 384 U.S. 436, 478, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and *645 see the principles of law in State v. Chorpenning, 294 So.2d 54 (Fla.2d DCA 1974).
On the appeal from the judgment, the defendant urges that the trial court erred in failing to sustain his counsel's objection at the time of trial and that the statement was taken in violation of his Miranda rights because he was too drunk at the time to understand his rights. We hold that error does not appear for two reasons. First, there is no error because it appears that this was a voluntary statement made prior to arrest. See Miranda v. Arizona, supra; and Jackson v. State, 317 So.2d 454 (Fla.4th DCA 1975). Secondly, there is no error because of the reason given by the judge, that such objections must be made prior to trial where the matters forming the basis of the constitutional attack are available to defense counsel in sufficient time to make the motion prior to trial. The reason for this rule is that only by a decision on such motions prior to trial can the State be given a right to appeal. The right of the State to appeal appears in the Florida Statutes and the Florida Appellate Rules. Section 924.071(1), Florida Statutes (1975); and Fla.App. Rule 6.3.
Turning now to the second of these consolidated appeals in which the defendant contends that the court should have granted him relief upon his motion made pursuant to Fla.R.Crim.P. 3.850, it should be noted that the trial judge held a full hearing on this motion. We find nothing in the record which would sustain defendant's contention that the evidence received by the trial judge upon the motion conclusively established inadequacy of the trial counsel. Rather, it is apparent from the record that the decision not to move to suppress the recorded statement was made at the time because trial counsel felt that the exculpatory portions of the statement were strong enough to serve the purpose of getting defendant's explanation of the killing before the jury without putting the defendant on the stand. Such a decision is not the kind that would establish incompetency of counsel. See State v. Eby, 342 So.2d 1087 (Fla.2d DCA 1977); and Odom v. U.S., 377 F.2d 853 (5th Cir.1967).
Having considered defendant's appeals and finding that error does not appear, the judgment and sentence are affirmed and the trial court's order denying defendant's motion pursuant to Fla.R.Crim.P. 3.850 is affirmed.
Affirmed.
NOTES
[1] Fla.R.Crim.P. 3.190(i) grants to the judge discretion in this matter. The rule is as follows:

"(i) Motion to Suppress a Confession or Admissions Illegally Obtained.
"(1) Grounds. Upon motion of the defendant or upon its own motion, the court shall suppress any confession or admission obtained illegally from the defendant.
"(2) Time for Filing. The motion to suppress shall be made prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial.
"(3) Hearing. The court shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion."