362 So.2d 992 (1978)
Betty Jean WINCHELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1738.
District Court of Appeal of Florida, Third District.
September 19, 1978.
Rehearing Denied October 20, 1978.
*993 Mark King Leban, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Margarita G. Esquiroz and Anthony Musto, Asst. Attys. Gen., for appellee.
Before PEARSON, HENDRY and KEHOE, JJ.
KEHOE, Judge.
Appellant and her co-defendant, Roy A. Falin, were charged by an information filed August 27, 1975, with the felony possession of marijuana, possession of cocaine, possession of a drug implement, and possession of methaqualone. After the denial of her motion to suppress certain physical evidence, appellant was tried alone. The trial resulted in a hung jury and the declaration of a mistrial. Thereafter, the trial court ordered appellant's case consolidated with that of her co-defendant. A joint trial commenced on June 23, 1977, which resulted in verdicts of guilty as charged. Subsequently, the trial court withheld adjudication of guilt and sentenced appellant to five years probation with the condition that she serve six months in jail as to counts three and four; the court further ordered that in regard to counts five and six appellant serve six months probation to run concurrently with the probationary sentences in counts three and four. Appellant's motion for a new trial was denied and this appeal followed.
The pertinent facts relating to this appeal may be summarized as follows: Appellant's co-defendant, Roy A. Falin, was stopped by the police in North Bay Village for the purpose of inquiring as to his presence in the area and to obtain some identification. As a result of this inquiry, Falin was arrested for not having a valid driver's license. Falin seeking to establish his identity, advised the officer that he was staying with a girl friend (appellant) in room 112 at a Holiday Inn located in North Bay Village. After taking Falin to the police station, a police officer and his sergeant went to the motel to verify the information given by Falin. After checking with the desk clerk, the officers found that the room was registered to Falin, but noted for occupancy by two persons. The officers then proceeded *994 to the room and knocked on the door. Appellant opened the door and, in plain view, the officers saw, among other things, several bags of marijuana, a scale, a pipe, and a box of sandwich bags. After making this observation from outside the room, the officers then entered the room, seized the marijuana and pipe, and arrested appellant for possession of a controlled substance. While appellant was sitting down in the room, the officers observed a firearm in an open suitcase at her feet. The pistol was seized and turned out to be a BB gun which was a replica of a German Luger. In seizing the pistol, two more bags of marijuana in the suitcase were seized. Also, a bag containing cocaine, which was wrapped inside a brown paper bag was seized. During this time, no other search was made. Instead, the room was then sealed by the officers and a search warrant was obtained from the circuit court to search the room. The search conducted pursuant to the warrant revealed additional contraband, including one tablet of methaqualone found in a corner of the room lying on the rug and a bag of cocaine found secreted inside the back of a radio. The charges in the instant case resulted from the foregoing facts.
In point two of her appeal, appellant contends that the trial court erred in denying her motion to suppress the evidence herein because it was seized pursuant to an illegal stop of her co-defendant's automobile. This point is without merit because appellant has failed to demonstrate that she had any standing to challenge the stopping of the vehicle. See, e.g., United States v. Sacco, 436 F.2d 780 (2d Cir.1971); and Russell v. State, 270 So.2d 462 (Fla. 3d DCA 1972).
Appellant contends in her fourth point on appeal that the trial court erred in admitting the marijuana into evidence because the separate quantities seized were commingled at the time of trial thus indicating probable tampering with the evidence. Our review of the record shows this point to also be meritless. See, e.g., Wingert v. State, 353 So.2d 643 (Fla. 3d DCA 1977); Frederiksen v. State, 312 So.2d 217 (Fla. 3d DCA 1975); and Stunson v. State, 228 So.2d 294 (Fla. 3d DCA 1969).
Appellant's first and third points on appeal raise, basically, the question of the sufficiency of the evidence to uphold the jury verdict. In our opinion, based on the record of this cause, there was nothing improper in the police officers going to the Holiday Inn to verify the identity of Falin. There was nothing unlawful or improper in their knocking on the door of room 112 to obtain information about Falin and to inform appellant of his arrest. When appellant opened the door the officers saw several bags of marijuana, a scale, a pipe, and a box of sandwich bags in plain view on a dresser in the lighted room before entering it. It was not an illegal search for the officers, who had a lawful right to be where they were, to then enter the room and seize those items. Nor was it unlawful for the officers after arresting appellant and upon seeing the pistol in the suitcase to seize the pistol and search the suitcase for other weapons to protect themselves. The marijuana and cocaine found in the suitcase pursuant to the search were also lawfully seized. See, e.g., State v. Ashby, 245 So.2d 225 (Fla. 1971); and Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974). This evidence was lawfully seized. Further, the officers then declined to search the room further and, instead, went to the circuit court to obtain a search warrant for the premises. The warrant was properly issued and, upon the attendant search, the remaining contraband was lawfully seized. See, e.g., State v. Hutchins, 269 So.2d 377 (Fla. 2d DCA 1972); and Ludwig v. State, 215 So.2d 898 (Fla. 3d DCA 1968).
There is no question in our mind about the legality of the search and seizure of the contraband in this case. However, a more difficult problem arises in regard to appellant's conviction for possession of the contraband. None of the contraband was actually found on appellant's person; therefore, the validity of the conviction must be demonstrated by her constructive possession. The applicable standard has been discussed in Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967) as follows:

*995 "... [B]efore one charged with unlawfully possessing narcotic drugs may be convicted, the State must establish beyond a reasonable doubt that the accused knew of the presence of the narcotic drugs on premises occupied and controlled by him, either exclusively or jointly with others. If the premises on which the drugs are found are in the exclusive possession and control of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over them may be inferred. Although no further proof of knowledge by the State is required in cases of exclusive possession by the accused, the inference of knowledge is rebuttable and not conclusive. If the premises on which the drugs are found is not in the exclusive but only in the joint possession of the accused, knowledge of the drugs' presence on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof. Such proof may consist either of evidence establishing actual knowledge by the accused, or evidence of incriminating statements or circumstances from which a jury might lawfully infer knowledge by the accused of the drugs' presence on the premises. In any event, the question of scienter or knowledge is one which must be resolved by the jury under the evidence in the case and upon proper instruction by the court embodying the principles didscussed above." Id. at 120-21.
See also Zicca v. State, 232 So.2d 414 (Fla. 3d DCA 1970). In applying this standard to the instant case, the record reflects that the motel room involved was in the joint possession of appellant along with her co-defendant. Under these circumstances, as stated in Frank, appellant's knowledge of the contraband must be established by proof and not inferred. This proof may be made by showing that appellant had actual knowledge of the contraband or by showing such other circumstances from which a jury could infer knowledge by the accused.
We have carefully reviewed the entire record in this cause and have concluded that there was insufficient evidence upon which a jury could have properly inferred that appellant had the requisite knowledge and constructive possession of the methaqualone tablet and the cocaine found in the suitcase and in the radio. See Taylor v. State, 139 Fla. 542, 190 So. 691 (1939). Accordingly, appellant's conviction on the charges of possession of cocaine and the possession of methaqualone are reversed. However, our review of the record also reveals that there was sufficient competent evidence upon which the jury could infer the requisite knowledge and constructive possession to support appellant's conviction on the charges of the felony possession of marijuana and possession of a drug implement (pipe). We note that these items were on top of the dresser in the motel room. They were even within the plain view of the police officers who went to the motel room to verify the identity of appellant's co-defendant. Under these circumstances, the jury could properly infer that appellant had constructive possession of the bags of marijuana and the pipe which contained marijuana residue. Accordingly, appellant's conviction for the felony possession of marijuana and of the drug implement are affirmed.
Affirmed in part, reversed in part, and remanded for the entry of a judgment and sentence in conformity with this opinion.