367 So.2d 675 (1979)
Roy Allen FALIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1737.
District Court of Appeal of Florida, Third District.
February 6, 1979.
Rehearing Denied March 9, 1979.
*676 Fine, Jacobson, Block, Goldberg & Semet, Theodore Klein, Miami, for appellant.
Jim Smith, Atty. Gen., and Anthony C. Musto and Paul Mendelson, Asst. Attys. Gen., for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The appellant was the co-defendant of Betty Jean Winchell, whose convictions for possession of various items of contraband we considered in Winchell v. State, 362 So.2d 992 (Fla. 3d DCA 1978). On this appeal, Falin primarily contends that the circumstantial evidence against him was insufficient to support his convictions for the same offenses of which Ms. Winchell had also been found guilty: possession of marijuana, cocaine, methaqualone and a narcotic implement. We agree with this contention and reverse the judgment below.
The facts of the case were accurately summarized in the Winchell opinion at 362 So.2d 993-994:
"... Roy A. Falin, was stopped by the police in North Bay Village for the purpose of inquiring as to his presence in the area and to obtain some identification. As a result of this inquiry, Falin was arrested for not having a valid driver's license. Falin seeking to establish his identity, advised the officer that he was staying with a girl friend (appellant) in room 112 at a Holiday Inn located in North Bay Village. After taking Falin to the police station, a police officer and his sergeant went to the motel to verify the information given by Falin. After checking with the desk clerk, the officers found that the room was registered to Falin, but noted for occupancy by two persons. The officers then proceeded to the room and knocked on the door. Appellant opened the door and, in plain view, the officers saw, among other things, several bags of marijuana, a scale, a pipe, and a box of sandwich bags. After making this observation from outside the room, the officers then entered the room, seized the marijuana and pipe, and arrested appellant for possession of a controlled substance. While appellant was sitting down in the room, the officers observed a firearm in an open suitcase at her feet. The pistol was seized and turned out to be a BB gun which was a replica of a German Luger. In seizing the pistol, two more bags of marijuana in the suitcase were seized. Also, a bag containing cocaine, which was wrapped inside a brown paper bag was seized. During this time, no other search was made. Instead, the room was then sealed by the officers and a search warrant was obtained from the circuit court to search the room. The search conducted pursuant to the warrant revealed additional contraband, including one tablet of methaqualone found in a corner of the room lying on the rug and a bag of cocaine found secreted inside the back of a radio ..."
Of prime significance in the consideration of this case is the fact that, unlike Winchell who was in the hotel room when the contraband in question was seized, Falin was in a police station miles away. There was no direct proof whatever as to when he had last been in the room, or whether the drugs and implements had even been present at the same time that he was, much less whether he knew about or had the ability to control them.
While, as we held in Winchell, at 362 So.2d 995, it was demonstrated that Falin was in joint possession of the room where all the contraband was found, there is plainly insufficient evidence of his knowledge and constructive possession of any of the items themselves. Winchell v. State, supra, at 362 So.2d 995;[1]Sindrich v. State, 322 So.2d 589 *677 (Fla. 1st DCA 1975); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967). His conviction therefore cannot stand.
In arguing, as it must, that the circumstantial evidence eliminates all reasonable hypotheses of innocence, Davis v. State, 90 So.2d 629 (Fla. 1956); State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976), the state points primarily to two items of circumstantial evidence  Falin's admission that he owned the BB gun which was found in the suitcase with the two bags of marijuana and his silence in response to a police officer's question as to whether the drugs which had been found "belonged to him." The state's reliance is not justified. Clearly, the BB gun, like any other item of personal property, may have been transported by someone other than the owner; the fact that Falin owned it does not even exclude the hypothesis that he did not know that the gun was present, let alone a lack of knowledge about the drugs. As to the so-called "admission by silence," even the authorities cited by the state demonstrate that silence constitutes no more than what is itself mere circumstantial evidence of guilt. As stated in Martinez v. United States, 295 F.2d 426, 429 (10th Cir.1961):
"An admission may be inferred from silence, where the silence is improper or unnatural ..." [emphasis supplied]
In this case, Falin's silence about the ownership of the drugs is just as reasonably attributable to his desire not to say that they belonged to his friend, Ms. Winchell, as to his unwillingness to admit that they belonged to him.
In sum, there is no evidence in the record which eliminates the perfectly reasonable hypothesis of innocence that the drugs and implement came into the room without Falin's knowledge and, indeed, after he had already left. See also Arant v. State, 256 So.2d 515 (Fla. 1st DCA 1972). The judgment below is therefore reversed and the cause remanded with directions to discharge the defendant.
Reversed and remanded.
NOTES
[1] In Winchell we reversed even the co-defendant's convictions for possession of the methaqualone tablet and the cocaine found in the suitcase and in the radio, because of insufficient evidence of knowledge and constructive possession. Her convictions for possession of marijuana and the narcotics implement were affirmed only because they were in her plain view on top of the dresser when she was arrested in the room. The former holding applies, in spades, to Falin. The latter holding obviously, however, has no application whatever to his situation.