BASKIN, Judge.
In this appeal from defendant’s conviction for unlawful possession of cocaine, we are asked to determine whether the evidence presented at the non-jury trial was sufficient to support that conviction. We find the trial judge erred in his assessment of the evidence. Accordingly, we reverse the defendant’s conviction.
Defendant and his brother were driving in two cars, one following the other, when defendant’s brother was stopped by a police officer for driving with an expired tag. Defendant stopped his car nearby and raised the hood. Defendant’s brother received permission to walk over to defendant and the two conversed in Spanish until stopped by the police officer. At this point, the police officer noticed that the defendant’s car had an invalid temporary tag. Neither defendant nor his brother could produce valid driver’s licenses or registration papers. On the front seat of the car driven by the defendant’s brother was an attaché case. Both men denied ownership of the attaché case and said they had never seen it before.
The two brothers were then placed under arrest for traffic violations and taken to the police station where they again denied knowledge or ownership of the case. The police opened the case with a screwdriver noting defendant’s initials, HJR, on the corner of the case. Inside the case, police found: the cocaine on which the charge was based; emeralds defendant eventually acknowledged to be his; defendant’s American Express card and passport; and a card and identification belonging to defendant’s brother. The case proceeded to non-jury trial and the court found .the defendant guilty of unlawful possession of cocaine.
In order to convict defendant Ramirez, who did not have actual exclusive possession of the cocaine, the state was required to prove that defendant had constructive possession of the cocaine in the attaché case. Constructive possession is based upon knowledge of the presence of the drug coupled with ability to maintain or *586 exercise control. Medlin v. State, 279 So.2d 41 (Fla. 4th DCA 1973); Briggs v. State, 262 So.2d 451 (Fla. 3d DCA 1972). Both elements must be proved.
Facts which establish knowledge on the part of the defendant are: that defendant was driving in tandem with his brother’s car containing cocaine; the attaché case in the brother’s car contained defendant’s passport, American Express card, and emeralds defendant admitted were his; and defendant admitted the case was his while denying knowledge of it at the scene. The state has failed to prove, however, whether defendant knew of the contents of the case prior to the conversation he had with his brother after the police stopped him. The state has failed to prove defendant knew of the cocaine at the time the cocaine was put into the attaché case.
Absent also is proof that defendant had the ability to exercise or maintain control of the cocaine. Defendant was travelling in a separate car; the cocaine was not only in a different car, it was also in a locked case. The state did not establish that defendant had any means of opening the case. The state, therefore, failed to prove a material element necessary to establish constructive possession. Daudt v. State, 368 So.2d 52 (Fla. 2d DCA 1979); Falin v. State, 367 So.2d 675 (Fla. 3d DCA 1979); Arant v. State, 256 So.2d 515 (Fla. 1st DCA 1972). The state failed to prove defendant guilty of the offense charged beyond and to the exclusion of every reasonable doubt.
In view of our disposition of this question, we need not reach other issues raised on appeal.
The judgment below is, therefore, reversed and the cause remanded with directions to discharge the defendant.
Reversed and remanded.