BASKIN, Judge.
Defendants Mansfield and Del Toro were each convicted of and sentenced for possession with intent to sell marijuana and unlawful possession of marijuana upon entry of pleas of no contest with a reservation of their rights to appeal. The trial court denied their motions to suppress the marijuana retrieved without a warrant from the locked trunk of an automobile. The issues before this court are the validity of the warrantless search and seizure and defendant Del Toro’s standing to challenge the search and seizure.
While engaged in surveillance of a residence, Officer Green observed defendant Mansfield leave the residence, enter a vehicle, and drive it to the front door. From *293 the doorway of the residence, defendant Del Toro handed packages which looked like “large objects like sacks” to Mansfield. Officer Green called for another officer, who saw Del Toro hand Mansfield what the officer thought was marijuana.
The officers stopped Mansfield as he drove from the residence and arrested him. They obtained the keys to the locked trunk and seized the contraband. Officer Green then returned to the residence and arrested defendant Del Toro.
Earlier that day, Officer Green had observed another vehicle at the residence and had seen two packages and a briefcase placed in its trunk. When that vehicle was stopped, marijuana was discovered, leading to the arrest of two people, Fox and Alexander.
At the hearing on the motion to suppress, the trial court ruled that both defendants lacked standing to challenge the search of Fox and Alexander, and that Del Toro lacked standing to challenge the search of the vehicle Mansfield had been driving. The court held, in addition, that the search and seizure of the packages from the trunk of the Mansfield vehicle was sustainable under the “moving vehicle” exception to the search warrant requirement. We affirm.
We hold that defendant Del Toro had no legitimate expectation of privacy in the packages placed inside the trunk of Mansfield’s automobile as he neither owned nor rode as a passenger in the vehicle. United States v. Salvucci, - U.S. -, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); Rawlings v. Kentucky, - U.S. -, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); Norman v. State, 388 So.2d 613 (Fla.3d DCA 1980).
In addition, we hold that the officers had probable cause to believe the vehicle contained marijuana when they observed readily recognizable large bales wrapped in plastic and burlap being placed into its trunk. The circumstances giving rise to probable cause were enhanced by the officers’ knowledge of the arrest of Fox and Alexander for the possession of marijuana obtained from the same residence earlier that day. Under the exigent circumstances consistent with the departure of the automobile, the officers were not required to obtain a search warrant. Chambers v. Maroney, 399 U.S. 43, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1969); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Since no evidence indicates the bales were opened, it is not necessary for us to consider cases discussing the requirement of obtaining a search warrant prior to opening the bales. Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). On the other hand, if we infer from the evidence that the bales were opened, we decide that Chadwick does not require a search warrant under the circumstances of this case. We agree that neither defendant had standing to challenge the search and seizure of Fox and Alexander.
For the foregoing reasons, we conclude that the trial court correctly denied defendants’ motions to suppress, and we affirm the convictions and sentences entered by the trial court.