432 So.2d 97 (1983)
John Scott MEYERS a/k/a John Scott Weyers, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1277.
District Court of Appeal of Florida, Fourth District.
April 20, 1983.
Rehearing Denied June 15, 1983.
*98 Richard L. Jorandby, Public Defender, Craig S. Barnard, Asst. Public Defender, and Thomas F. Ball, III (Member of the South Carolina Bar), West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Meyers was convicted of sexual battery. He appeals. We reverse and remand for a new trial.
The reversal hinges primarily upon an illegal search of Meyers' vehicle and seizure therefrom of a strip of cloth six feet in length and two and one half inches wide, which strip was received in evidence over Meyers' objection and despite his motion to suppress. This strip corroborated the victim's version of events.
The critical happenings occurred somewhere around 4:30 a.m. in a motel bathroom with only Meyers and the victim present. Their accounts were at complete variance. The victim testified that, against her will, Meyers forcibly tied her hands behind her back and then tied her to a sink with a cord or piece of cloth whereupon he sexually battered her. Meyers testified that he did not tie the victim. He said that they had consensual sex and that the victim only objected when a different method was attempted whereupon he departed.
Meyers was arrested and his vehicle was searched by Officer Latonia as an incident thereto and for inventory purposes, and items were seized. There is no suggestion of a problem with this procedure. Thereafter the vehicle was towed to Sunny's Wrecker impoundment and there stored. It was locked in a secure area.
Approximately eight hours after Meyers' arrest, without any exigent circumstances, Chief Fitzgerald went to the compound and searched Meyers' vehicle without a warrant, this being the second search. He then seized the cloth strip in question. This was solely justified by the officer as being incidental to Meyers' arrest, a position with which we disagree.
The State contends that the second search of the appellant's vehicle presented no greater intrusion on the appellant's Fourth Amendment rights than did the search incident to the appellant's arrest.
The State's argument ignores the fact that the second search some eight hours after the initial search does not fall into one of the exceptions to the warrant requirement. First, contrary to the State's assertion, this case does not fall into the moving vehicle exception to the warrant requirement found in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). In Chambers the Supreme Court was careful to note that the search of an automobile without securing a warrant was not proper in every circumstance. Rather, the court acknowledged that the exception was based on the fact that "the opportunity to search is fleeting since a car is readily movable." (Id. at *99 51, 90 S.Ct. at 1981). However, in this case the element of mobility was removed because the appellant's vehicle had been impounded.
Secondly, at the time of the second search the appellant had long been within police custody. Therefore, the search did not fall within the holding in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) regarding searches incident to a lawful arrest. This search was not made "contemporaneously" with the appellant's arrest. See State v. Licourt, 417 So.2d 1051 (Fla. 4th DCA 1982); Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).
Finally, the subsequent search cannot be justified on the grounds of an inventory search. The vehicle had previously been so searched and Chief Fitzgerald did not make any pretext of an inventory search. South Dakota v. Opperman, 428 U.S. 364 at 369, 96 S.Ct. 3092 at 3097, 49 L.Ed.2d 1000 (1976) and Miller v. State, 403 So.2d 1307 (Fla. 1981).
Thus, the second search of the appellant's vehicle at "Sunny's compound" did not fall into any recognized exceptions to the warrant requirement and the cloth strip seized from the appellant's vehicle was improperly obtained due to the fact that a warrant was not secured prior to Chief Fitzgerald's search. Therefore, under the facts and circumstances of this case the search conducted was unreasonable and violative of the appellant's rights under the Fourth Amendment. Appellant's motion to suppress should have been granted.
In its brief seeking to uphold the validity of the second search the State cites only two cases, United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Neither of them, in our opinion, have any bearing on the instant issue.
United States v. Ross had to do with the scope of a search of a vehicle (closed containers in the trunk) which had been properly stopped based on probable cause.
Chambers v. Maroney critically held:
For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. (emphasis supplied)
Id. at 52, 90 S.Ct. at 1981.
The Chambers case supports the conclusion that we reach and does not support appellee's position.
Since the case must be remanded for a new trial we briefly mention another appellate point. In our opinion the trial court unduly limited the appellant's cross examination of the complaining witness to a period of approximately two hours preceding the alleged battery. While it is difficult to measure what constitutes an abuse of discretion, we feel, under the circumstances of this case, that appellant's counsel should have been permitted to plumb and explore the victim's activities for at least six hours prior to the time of the alleged crime.
We reverse and remand for a new trial consistent with the views herein expressed.
REVERSED AND REMANDED.
HERSEY and HURLEY, JJ., concur.