439 So.2d 291 (1983)
Raymond T. KUHN, Robert George Hendrickson and David Alexander Kirkland a/K/a David Warner, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 82-466 to 82-468.
District Court of Appeal of Florida, Third District.
September 27, 1983.
Rehearing Denied November 7, 1983.
*292 Paul Morris and Stephen H. Rosen, Miami, for appellants.
Jim Smith, Atty. Gen. and Jack B. Ludin, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
Defendants Kuhn, Hendrickson & Kirkland, appeal convictions and sentences imposed by the trial court following the court's acceptance of their pleas of no contest to charges of possession of marijuana. They reserve their rights to appeal the trial court's rulings on motions presented to the court through stipulated facts. Kuhn appeals the denial of his motion to suppress; Hendrickson and Kirkland appeal the denial of their motions to dismiss. We reverse.
The stipulated facts disclose that at approximately 1:30 a.m. police officers Harrelson and Pinder observed three pick-up trucks enter State Road # 5 from a private driveway. As they followed the trucks they heard a voice on the citizens' band radio remark: "Slow down to 45. We have company." The officers then heard: "When they go under a street light, see if they have anything on the roof. If they see where we came out, were in trouble." A short time later two of the pick-up trucks stopped at the Howard Johnson's Motor Inn in Key Largo. The officers, now accompanied by Detectives Owen and Hessman, proceeded to the Howard Johnson's parking lot where Detective Owen saw defendant Kirkland walking in the parking lot. When Kirkland ran into the adjacent wooded area, Owen chased and caught him and then placed him under arrest. A "luggage bag" containing Kirkland's identification was found in the cab of a pick-up truck. In the back of the pick-up truck were "various bales of marijuana." Kirkland was not the registered owner of the truck and no evidence established that he had been in the truck.
*293 In a separate parking lot, Officer Harrelson found defendant Hendrickson seated in the cab of another pick-up truck. The back of this truck held eleven bales of marijuana. Harrelson claimed that he could smell marijuana; Hessman claimed marijuana could be seen through the truck windows. Pinder and Harrison, however, testified in their depositions that the beds of the trucks were covered by tarpaulins. The officers arrested Hendrickson although he had not been observed operating the vehicle and was not its registered owner.
Approximately half an hour later the officers stopped another truck at a store in Tavernier about ten miles from the Howard Johnson's, and asked the driver, defendant Kuhn, for identification. When Kuhn stated that the truck belonged to Kirkland even though it was registered in Hendrickson's name, the officers arrested Kuhn for conspiracy and took him to the police station. They removed Kuhn's closed briefcase from behind the passenger seat of the pick-up truck and inventoried the contents at the police station. In it they found marijuana.
In reviewing an appeal from the denial of a sworn motion to dismiss, we must determine whether the undisputed facts relied upon by the state presented a prima facie case of guilt. See State v. Davis, 243 So.2d 587 (Fla. 1971); however, the state contends that its traverse, filed in response to defendants' sworn motion to dismiss, disclosed the existence of a material issue of fact precluding dismissal under Florida Rules of Criminal Procedure 3.190(c)(4)[1] and 3.190(d)[2]. Thus, the state argues, the court properly denied the motion to dismiss[3]. We reject the state's assertion because we find that the state abandoned its traverse when it stipulated to the facts upon which the trial court subsequently relied in reaching its decision. See State v. Holliday, 431 So.2d 309 (Fla. 1st DCA 1983) (By stipulating to the amendment of defendants' motions the state agreed it had no good faith dispute with the facts.).
Turning to the merits of defendants' arguments, we first address Hendrickson's appeal. According to the stipulation, Hendrickson was found sitting in the cab of a truck. He did not have access to the rear portion of the truck in which the marijuana was located and the back of the truck was covered by a camper which Hendrickson could not enter from the cab. The stipulation is silent concerning whether Hendrickson possessed the keys to the truck or whether the rear of the truck was, in fact, locked.
In order to establish a prima facie case of constructive possession of marijuana against Hendrickson, the state was required to demonstrate three elements: his ability to exercise dominion and control over the contraband; his knowledge of the presence of the contraband; and his awareness of the illicit nature of the contraband, Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981). We find that the state failed to overcome the first obstacle, the element of control. Even though the discovery of contraband in *294 plain view of an occupant of premises might, under some circumstances, support a conviction predicated upon constructive possession, Brown v. State, 428 So.2d 250 (Fla. 1983); Winchell v. State, 362 So.2d 992 (Fla. 3d DCA 1978), the ability to exercise control may not be inferred from ownership; it must be established by independent proof. Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967).
The decision of the supreme court in Brown is consistent with the decisions in Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975) (marijuana in plain view, but defendant guest had no control over premises) and Metzger v. State, 395 So.2d 1259 (Fla. 3d DCA 1981) (no constructive possession by a guest who may not have been aware of the contraband). In Brown the contraband was scattered throughout the house, most of it in plain view. The obvious presence of the contraband and Brown's joint possession of the premises, provided the opportunity for him to exercise dominion and control. As far as Hendrickson is concerned, however, the state failed to establish his ability to exercise dominion and control over the contraband which could not be reached from the cab of the truck. Cf. S.W. v. State, 431 So.2d 342 (Fla. 2d DCA 1983) (beer found beneath juvenile's feet in front seat of automobile sufficient to show ability to exercise control). The default in its proof defeated the state's case.
Next, we address Kirkland's appeal. According to the stipulation, the police officers arrested Kirkland when he ran from the Howard Johnson's parking lot. Although the officers found his identification in a luggage bag in the cab of a pick-up truck, they were not able to state that he had been driving the truck. No keys were found and no evidence placed him in the truck with the marijuana. In fact, the stipulation states: "The police have no information or evidence ... that Kirkland was ever personally in the truck itself." Under established law, the mere presence of Kirkland's identification in a truck which held marijuana and the fact that he ran from the police were insufficient to establish a prima facie case of guilt. Cf. Falin v. State, 367 So.2d 675 (Fla. 3d DCA 1979) (no proof when defendant last in room or evidence that drugs had been present during time defendant was present). Again, the omission warranted dismissal.
As for Kuhn's motion to suppress, we review the stipulated facts from a different perspective. We must determine whether the search, conducted without a warrant, was reasonable under constitutional standards. U.S. Const. amend. IV; Art. I, § 12, Fla. Const. The state attempts to justify the reasonableness of the station house search of Kuhn's briefcase as a search incident to arrest. It contends that if the police had probable cause to arrest Kuhn they were entitled to search the vehicle as well as any luggage found in the vehicle when they returned to the station house as part of a search incident to the arrest. The state cites New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), in support of the search as incident to arrest and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), as authority for searching the vehicle and luggage at the police station. This very argument was rejected in Chambers however, when the Court held that a search conducted at a later time had to be supported by independent evidence of probable cause to conduct a search.
Whether a search conducted after the officers return to the police station is in fact incident to the earlier arrest was considered by the Court in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). In Preston the Court held that protection of the police and the preservation of the evidence justified a search incident to arrest. These purposes are no longer present when the search is conducted at a time or place remote from the arrest; accordingly, such searches may not be legitimized as incident to arrest. See also, Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968).
*295 The second district court of appeal recently sustained a similar search, Bond v. State, 431 So.2d 343 (Fla. 2d DCA 1983), upon the premise that it was a search incident to arrest and therefore rested upon traditional probable cause requirements. A search incident to an arrest, however, need not be supported by probable cause to search, see United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 28 L.Ed.2d 427 (1973). We believe Bond's reliance on Belton to legitimize a station house search is misplaced. See also, Meyers v. State, 432 So.2d 97 (Fla. 4th DCA 1983); Long v. State, 422 So.2d 72 (Fla. 2d DCA 1982). But see State v. Calegar, 104 Idaho 526, 661 P.2d 311 (1982). In United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), the Court dealt with the scope of a search supported by probable cause. Its citation lends no support to appellee's argument because this search was conducted at a remote place and, unless incident to arrest, required either a warrant or probable cause to believe the briefcase found in the truck contained contraband. No such evidence existed.
Evidence obtained from the belated search of Kuhn's briefcase at the police station should have been suppressed because the search was neither incident to an arrest nor based upon probable cause coupled with exigent circumstances which would have obviated the need to obtain a search warrant. Furthermore, the search cannot be upheld as an inventory search because the state failed to show that the police complied with the requirements of Miller v. State, 403 So.2d 1307 (Fla. 1981).
In summary, the warrantless search of Kuhn's briefcase was reasonable if conducted incident to arrest at the scene of the arrest; or at the station if based upon probable cause to believe the briefcase contained contraband; or if conducted as an inventory search in accordance with requirements of law. The search of Kuhn's briefcase met none of the required standards and the court should have suppressed the evidence.
For these reasons, we reverse the orders entered by the trial court and remand the cause with directions to discharge all defendants.
HUBBART, Judge (concurring in part; dissenting in part).
I agree entirely with the court's opinion herein, save for its reversal of the defendant Kuhn's conviction based on the search and seizure claim. I think the warrantless police search of Kuhn's pickup truck was based on probable cause and thus was constitutionally reasonable under the Carroll moving vehicle exception to the search warrant requirement rule. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), adopted in toto by § 933.19 Fla. Stat. (1981); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Adoue v. State, 408 So.2d 567, 571-72 (Fla. 1981); Collins v. State, 65 So.2d 61 (Fla. 1953).
The probable cause for the search of the defendant's pickup truck was ample in this case. It consisted of the following: (1) the defendant was observed by police traveling in a pickup truck in tandem with two other trucks, (2) a suspicious radio transmission was overheard which was sent by an occupant of one of the three trucks indicating that the subject trucks contained something which the occupants wished to hide from the police, and (3) two of the other trucks were subsequently stopped by the police, searched, and marijuana seized therefrom. It seems elementary to me that given this showing the police had a reasonable basis to believe that the third truck in this tandem [i.e., the defendant's truck] also contained marijuana, and were therefore justified in stopping and searching the defendant's truck. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); State v. Gillum, 428 So.2d 755 (Fla. 2d DCA 1983); Mansfield v. State, 389 So.2d 292 (Fla. 3d DCA 1980); Cameron v. State, 112 So.2d 864, 873 (Fla. 1st DCA 1959).
All else follows from the above probable cause showing. The police were thereafter justified in searching the briefcase seized from the subject truck under the Carroll moving vehicle exception to the search warrant *296 requirement rule. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Boykin v. State, 421 So.2d 538 (Fla. 5th DCA 1982). And the police were also justified in conducting this search at the police station, rather than at the point where the subject truck was stopped, under the same moving vehicle exception to the search warrant requirement rule. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Mattson v. State, 328 So.2d 246 (Fla. 1st DCA 1976). I find the court's contrary legal analysis of the search issue singularly unpersuasive as it does not even address the applicability of the Carroll moving vehicle exception to the search warrant requirement rule.
I would therefore reverse the convictions of the defendants Hendrickson and Kirkland for the reasons stated in the court's opinion. I would, however, affirm the defendant Kuhn's conviction on the ground that the trial court properly denied Kuhn's motion to suppress the marijuana seized from his pickup truck.
NOTES
[1] Rule 3.190(c) states in part:

However, the court may at any time entertain a motion to dismiss on any of the following grounds:
... .
(4) There are not material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to.
[2] Rule 3.190(d) states:

Traverse or Demurrer. The State may traverse or demur to a motion to dismiss which alleges factual matters. Factual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the State in such traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under (c)(4) of this rule shall be denied if the State files a traverse which with specificity denies under oath the material fact or facts alleged in the motion to dismiss. Such demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
[3] In the proceedings before the trial court, counsel repeatedly referred to the sworn motion as a motion to dismiss. Consequently, his contention that the motion should be reviewed as a motion for judgment of acquittal lacks merit.