GRIMES, Judge.
Appellant contends that his conviction for trafficking in marijuana was predicated upon insufficient evidence.
A task force of various law enforcement departments was involved in the investigation of a suspected drug smuggling operation in Lee County. Based on the information obtained from telephone wiretaps, several members of the task force established surveillance of a Ramada Inn in Fort Myers on the evening of July 26, 1979. *624 Though initially looking for a large red truck with a white body, their attention later became focused upon a blue and white Chevrolet pickup truck with which they were familiar. The surveillance team followed this truck out of town on state road 767 to a deserted area on Pine Island. At 11:20 p.m., the truck turned onto a dirt road with its lights out. Members of the task force maintained constant surveillance at the entrance to the dirt road. At 12:40 a.m., a large truck with a red cab and a white body turned into the dirt road. No other vehicles traveled the dirt road from 11:20 p.m. until 3:25 a.m., the end of the surveillance period. Only three or four vehicles were seen on state road 767.
At 3:25 a.m., three members of the task force began to walk down the dirt road. They saw only the tire tracks of the two trucks which had entered. About five minutes later, they detained a man who had come from a wooded area near the road. Shortly thereafter, they saw the blue and white pickup truck approaching them with its lights out. They stopped this truck and apprehended the driver. Several officers continued down the road seeking to locate the red and white truck. They found this truck about seven-tenths of a mile from where the blue and white pickup truck had been stopped. One of the officers walked to the rear of the red and white truck and smelled marijuana. They also saw some vegetable material on the tailgate that appeared to be marijuana residue.
At this point appellant came walking out of a nearby swampy area infested with mosquitoes holding his shirt in his hand. He said, “I give up,” and placed his shirt on the tailgate. When asked what he was doing in the woods at that time, appellant answered that he “liked to drive in the woods.” In response to the question of whether anyone else was out there, appellant said, “No, I’m the driver, I guess I’m stuck.” Appellant had a walkie-talkie in his pocket but no keys. There was a key to the truck in the ignition.
A K-9 unit was brought to the red and white truck where a narcotics-sniffing Doberman indicated the presence of marijuana. Since the back of the truck appeared to be padlocked, the officers began discussing how to remove the lock. Thereupon, appellant volunteered that the padlock was not locked. The officers then looked at the lock closely with a flashlight. They found that although the lock appeared to be in place, it was not snapped shut and hence could be opened without a key. The officers opened the rear of the truck and found marijuana. Later, a key was found on the road which fit the padlock.
Recognizing that his conviction rests upon constructive possession, appellant argues that the state failed to prove his ability to exercise control over the marijuana. He relies heavily upon Kuhn v. State, 439 So.2d 291 (Fla. 3d DCA 1983), in which convictions for possession of marijuana were reversed. In that case law enforcement officers had three pickup trucks under surveillance and followed two of them to a motel. A defendant was found seated in the cab of one of the trucks from which the smell of marijuana emanated. He was not the owner of the truck and had not been seen operating it. The court held that there was insufficient evidence of the defendant’s ability to exercise control over the marijuana found in the back of the truck which could not be reached from the cab. Another defendant had also been arrested as he tried to run from the parking lot. The court held that he could not be convicted because the only evidence connecting him to the crime was a luggage bag with his name on it in the cab of the other truck which also contained marijuana.
Notwithstanding, we cannot accept appellant’s arguments. The fact that appellant knew that the padlock on the back of the red and white truck was unlocked is more than enough to distinguish Kuhn. The court properly denied appellant’s motion for judgment of acquittal. Appellant’s admissions to the arresting officers coupled with the circumstances surrounding his apprehension provided sufficient evidence for the jury to conclude that appellant had the *625 ability to exercise control over the marijuana in the truck. See Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981).
AFFIRMED.
RYDER, C.J., and LEHAN, J., concur.