PER CURIAM.
This is an appeal by the defendant Theodore Joseph Devine from a judgment of conviction for unlawful possession of marijuana and an order placing him on three years probation and fining him $5,000. The subject conviction, probation order and fine were entered upon the defendant’s plea of nolo contendere in which he specifically reserved for appeal the denial of his sworn motion to dismiss the information under Fla.R.Crim.P. 3.190(c)(4). The defendant’s sole point on appeal is that the trial court erred in denying this sworn motion. We affirm based on the following briefly stated legal analysis.
First, the defendant’s sworn motion to dismiss was not, as urged by the state, procedurally defective. It was sworn to by the defendant as required by Fla.R.Crim.P. 3.190(c)(4). The fact that certain of the facts contained in the motion might not, as the state contends, have been personally known to the defendant is of no moment in this case for three reasons: (1) the state did not contest the truth of any of these facts by filing a traverse below, (2) the state at no time contested the procedural regularity of the motion to dismiss in the trial court, and (3) a motion to dismiss under Fla.R.Crim.P. 3.190(c)(4) does not require, in any event, that the defendant have personal knowledge of all the facts contained in the motion — as it requires only that the defendant state under oath that the facts stated in the motion are the material, undisputed facts in the case. See Goodmakers v. State, 450 So.2d 888, 890 (Fla. 2d DCA 1984); State v. Giardino, 363 So.2d 201, 202 (Fla. 3d DCA 1978); Ellis v. State, 346 So.2d 1044, 1046 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla.1977); Fla.R.Crim.P. 3.190(c)(4).
Second, the defendant’s sworn motion to dismiss, however, does not state sufficient material, undisputed facts to establish, as it must, that the state has no prima facie case of unlawful possession of marijuana against the defendant. The sworn undisputed facts contained in the motion to dismiss establish that police discovered a quantity of marijuana in the upstairs bedroom closet of a house owned by the defendant Devine and in which he lived in the downstairs master bedroom, that the marijuana was discovered at a time when the defendant Devine was absent from the premises, that the police arrested the defendant Devine when he returned to the premises with his girlfriend and daughter, and that the defendant denied ownership of the marijuana found in the upstairs closet. Because the defendant was the sole owner and occupant of the house in which the marijuana was found, it is plain that a jury could find that he was in exclusive constructive possession of the marijuana with the requisite guilty knowledge and intent. Consequently, the sworn motion to dismiss was properly denied. See Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); State v. Alford, 395 So.2d 201, 202 (Fla. 4th DCA 1981); State v. Lawler, 384 So.2d 1290, 1292 (Fla. 5th DCA 1980), pet. for review denied, 392 So.2d 1376 (Fla.1981); Frank v. State, 199 So.2d 117, 120 (Fla. 1st DCA 1967); Spataro v. State, 179 So.2d 873, 877 (Fla. 2d DCA 1965). The cases relied on by the defendant are inap-posite to the instant case as they all involve situations in which the defendant and others were in joint possession of the premises in which the contraband was found; in the instant case, the defendant was in exclusive possession of the premises where the contraband was found. See Falin v. State, 367 So.2d 675 (Fla. 3d DCA 1979); Winchell v. State, 362 So.2d 992 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 462 (Fla.1979); Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla. 1977).
The final judgment of conviction, the order placing the defendant on probation, and the fine imposed are, in all respects,
Affirmed.