ERVIN, J.,
concurring and dissenting.
I concur with all aspects of the majority’s opinion, except that part affirming appellant’s conviction for the offense of unlawfully trafficking in cocaine by possessing 400 grams or more thereof, as proscribed by Section 893.135(l)(b), Florida Statutes (1985). I am of the view that the evidence supporting appellant’s conviction for trafficking in the cocaine found in his motel room was legally insufficient to establish that he was in joint, constructive possession of the same. The facts disclose that nine hours had elapsed from the time appellant was arrested until the time his room was searched, and that the room had neither been secured, nor its back door placed under surveillance by the officers during that interval. In fact, just before the officers’ entry into the room to conduct the search, they saw a woman leaving it. Whether she or other persons[1] brought additional quantities of cocaine into the room after appellant’s arrest is unknown, and the record certainly does not exclude the reasonable hypothesis of innocence that appellant had no knowledge of the drugs’ presence. As we stated in Fowler v. State, 492 So.2d 1344, 1347-48 (Fla. 1st DCA 1986), review denied, 503 So.2d 328 (Fla.1987):
[A] circumstantial evidence case should not be submitted to the jury unless the record contains competent, substantial evidence which is susceptible of only one inference and this inference is clearly inconsistent with the defendant’s hypothesis of innocence. Evidence that leaves room for two or more inferences of fact, at least one of which is consistent with the defendant’s hypothesis of innocence, is not legally sufficient to make a case for the jury.
(Footnotes omitted, emphasis in original.)
In my judgment the critical evidence necessary to any conclusion that the defendant was in constructive possession of the drugs — that the accused should have knowledge of the presence of the contraband, see Kuhn v. State, 439 So.2d 291, 293 (Fla. 3d DCA 1983) — was missing in the case at bar. It is a well-established rule that a defendant’s ability to exercise control over proscribed articles cannot be inferred from the fact of ownership or possession of the area where the property is seized, but such fact must be established by independent proof. *351 See Frank v. State, 199 So.2d 117, 121 (Fla. 1st DCA 1967) (“Such proof may consist either of evidence establishing actual knowledge by the accused, or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge by the accused of the drugs’ presence on the premises.”). Defendant made no incriminating statements regarding his knowledge of the drugs found in his room, and the strongest circumstance that the majority relies upon to connect the defendant with the cocaine there found is that the slabs of cocaine which were seized from the suitcase were virtually identical to those taken from the room. This circumstance, nevertheless, does not negate appellant’s reasonable hypothesis of innocence that some other person or persons, having access to the room, could have, after appellant’s arrest, obtained the drugs from the same supplier and concealed them in the room. Because the record, as it relates to appellant’s conviction of trafficking in cocaine by illegally possessing it, does not contain competent, substantial evidence that is susceptible to only one inference that is clearly inconsistent with the defendant’s hypothesis of innocence, I would reverse the judgment of conviction for such offense, and remand the case with directions that appellant be discharged as to that offense.
Alternatively, assuming for the sake of argument that the evidence was legally sufficient to support a determination that appellant was in possession of the cocaine seized from his room, the judgment and sentence for trafficking in cocaine in excess of 400 grams should be reversed with directions that a sentence be imposed for trafficking in cocaine in an amount between 200 and 400 grams. Although trafficking in cocaine can be committed in a number of ways, i.e., by selling, purchasing, manufacturing, delivering or bringing cocaine into the state, or by one who is in actual or constructive possession of 28 grams or more of cocaine, I know of no authority that would permit the state to charge and convict a defendant of two separate acts, each disclosing possession of less than 400 grams, and then use the aggregate total thereof to justify a sentence for possession in excess of the largest amount of cocaine actually found in appellant’s possession on either of the two occasions — 389.9 grams.
In my judgment, the state, by aggregating the separate amounts of cocaine seized on the same date, is attempting to do indirectly that which it cannot do directly. The rule of lenity, approved in Carawan v. State, 515 So.2d 161 (Fla.1987), precludes multiple punishments in situations where it is clear that the statutory provisions address the same evil, here, trafficking in large quantities of drugs. In other words, if, based upon a single act, the state had elected to charge the defendant with trafficking in cocaine by selling or distributing 159.8 grams thereof, and then trafficking in the same amount of cocaine by possessing it, I think it clear from a reading of Carawan that only one punishment could be imposed. Here the state has elected to charge appellant with trafficking in cocaine by distributing an amount which the evidence discloses is 159.8 grams. The state next charged appellant with trafficking by possession of an amount in excess of 400 grams in order to justify the mandatory minimum sentence of 15 years. To reach this result, the state had to add the 159.8 grams to the 389.9 grams later taken from appellant’s room. The state has in effect illegally punished appellant twice for trafficking in the 159.8 grams. Because appellant was charged and punished for delivery of the 159.8 grams (delivery necessarily encompasses possession), the most appellant could be charged and punished for in connection with the cocaine seized from the hotel room was possession of 389.9 grams. Once the 159.8 grams is excluded from the total number of grams with which appellant is charged with trafficking in by possessing, there results a fatal variance between the offense charged and the proof adduced in support thereof. Therefore, the lower court erred in imposing an illegal, excessive sentence greater than five years for the offense proscribed in section 893.-135(l)(b)2, i.e., trafficking in cocaine in a quantity of between 200 and 400 grams.
*352 As an alternative basis for relief, I would therefore reverse and remand appellant’s conviction for said offense with directions that a sentence consistent with the provisions of section 893.135(l)(b)2 be imposed.

. As reflected in the majority’s opinion, appellant was one of a “gang” of Haitians suspected of selling crack cocaine from motel rooms in the Gainesville area.