PER CURIAM.
We affirm the final adjudication of delinquency for unlawful possession of cocaine based on a holding that the respondent did not preserve for appellate review the sole point which he urges for reversal of his conviction, namely, that the trial court erred in denying his motion to suppress the subject cocaine based on unlawful search grounds. We reach this result because, simply stated, the respondent’s motion to suppress was untimely made in the trial court.
The respondent made his objection and motion to suppress at trial only after virtually all the testimony concerning the search had been received and the cocaine was being offered in evidence by the state. Prior thereto, the state had no notice that the respondent was challenging the legality of the seizure of cocaine from the respondent, and, consequently, was under no obligation to elicit testimony as part of its case-in-chief that the subject cocaine was lawfully seized by the police. The respondent filed no pretrial motion to suppress this cocaine and made no oral motion to suppress such cocaine at the outset of the trial; consequently, no evidentiary hearing on the motion to suppress was ever held below, the “search” evidence having been received solely on the merits as part of the state’s case-in-ehief. This being so, the trial court properly denied the respondent’s untimely motion to suppress. See State v. Breland, 421 So.2d 761, 766 (Fla. 4th DCA 1982); Wingert v. State, 353 So.2d 643 (Fla. 3d DCA 1977); State v. Hinton, 305 So.2d 804 (Fla. 4th DCA 1975); Fla.R.Juv.P. 8.130(b)(5); see also United States v. Taylor, 792 F.2d 1019, 1024-25 (11th Cir.1986), cert. denied, 481 U.S. 1030, 107 S.Ct. 1957, 95 L.Ed.2d 530 (1987); cf. Savoie v. State, 422 So.2d 308 (Fla.1982) (trial court excused jury and conducted evidentiary hearing on defendant’s motion to suppress during trial and thereafter expressly ruled that search conducted therein was reasonable).
Affirmed.