456 So.2d 923 (1984)
Westley JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-1549.
District Court of Appeal of Florida, Third District.
September 4, 1984.
Rehearing Denied October 22, 1984.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven Kolodny, Asst. Atty. Gen., for appellee.
Before FERGUSON and JORGENSON, JJ., and NORRIS, WILLIAM A., Jr., Associate Judge.
FERGUSON, Judge.
Defendant brings this appeal from the denial of his motion for judgment of acquittal and subsequent conviction and sentence for trafficking in heroin.
At trial several witnesses offered different and somewhat conflicting versions of the events leading up to defendant's arrest. The evidence viewed in a light most favorable to the State, see Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965), shows the following: The police received a call from defendant's girlfriend, Ms. Fowler, which had nothing to do with drug activity. In *924 response to that call, two officers met Ms. Fowler at an apartment building in Overtown and she directed them to another apartment building. According to Officer Dehay, when they arrived at the apartment house, Ms. Fowler walked up to a particular door as if she knew it.[1] Defendant was inside the apartment and opened the door. He then went back into the apartment. The officers exited their vehicle, knocked on the door, and were permitted entry into the apartment. Officer Russell discovered in plain view a gray metal box containing white powder (stipulated by both counsels to be heroin) and several syringes. Defendant insisted, and it is not disputed, that he lived in a different apartment complex with Ms. Fowler and their daughter.[2]
The defendant in this case was not in actual physical possession of the contraband, therefore, the State had the burden of proving constructive possession. Three elements are necessary to establish constructive possession: (1) the defendant's ability to exercise dominion and control over the contraband; (2) his knowledge of the presence of the contraband; and (3) his awareness of the illicit nature of the contraband. Brown v. State, 428 So.2d 250 (Fla.), cert. denied, ___ U.S. ___, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Kuhn v. State, 439 So.2d 291 (Fla. 3d DCA 1983). The defendant here challenges the State's proof of the element of control, claiming that the evidence showed only that defendant was found in close proximity to the contraband discovered in the apartment.
Mere proximity to contraband, without more, is legally insufficient to prove possession. Bass v. United States, 326 F.2d 884 (8th Cir.), cert. denied, 377 U.S. 905, 84 S.Ct. 1164, 12 L.Ed.2d 176 (1964). In many instances, however, the ability to control narcotics will be inferred from the ability to exercise control over the premises where they are found. For this reason, the cases have sharply distinguished between the culpability of a mere visitor from that of an owner or an occupant of premises containing illicit drugs in plain view. Compare Brown (ownership and/or joint occupancy of premises is sufficient to support a conviction for constructive possession as to each person where drugs are discovered in plain view in their presence) with Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975) (defendant's proximity to marijuana in plain view was merely circumstantial evidence insufficient to support conviction for constructive possession where defendant did not own or live on the premises and did not have control or joint control of the premises or the drugs).
In United States v. Holland, 445 F.2d 701 (D.C. Cir.1971), police officers entered a woman's apartment and found the woman and the defendant undressed in the bedroom. Narcotics were discovered in plain view atop a dresser. When defendant was asked to get dressed, he took clothing from a closet in the bedroom and from a drawer in the dresser. The federal court found the evidence of constructive possession "entirely inadequate" to defeat defendant's motion for judgment of acquittal. The court reiterated that constructive possession involves being in a position to exercise dominion and control over a thing. It added:
Such a position should not be lightly imputed to one found in another's apartment or home. If an inference of constructive possession must be made, the jury must have before it information *925 about the regularity with which the person in question occupied the place and about his special relationship with the owner or renter. Id. at 703.
The court further stated that the necessary background information was "strikingly absent" in this case, failing to show that defendant's presence in the apartment was "neither fortuitous nor brief, but residential." Id.
Similarly, in the instant case, the State offered no proof that defendant regularly occupied the apartment or had a relationship with its owner or renter. At best, the evidence showed that defendant went to the apartment where the contraband was found and was alone in the apartment for some unspecified period of time. As a matter of law, the evidence is insufficient to support a conviction for constructive possession.
The conviction and sentence for trafficking in heroin are reversed and the cause is remanded with instructions to discharge the defendant.
NOTES
[1] Officer Russell, the other arresting officer, testified that they first saw the defendant standing outside the apartment. When defendant saw the police, he entered the apartment and closed the door. The police subsequently came to the door of the apartment and knocked. Defendant answered and allowed the officers to enter. Ms. Fowler, the only defense witness, also stated that defendant was outside the apartment when they first arrived and entered the apartment only after seeing the officers.
[2] The police did not check to find out who owned the apartment where the drugs were found nor did the State offer evidence of this at trial. According to Ms. Fowler, an old man whom she did not know owned the apartment, and the apartment was known to be a place where drug addicts congregated.