CORTIÑAS, Judge.
The defendant, Eduardo Giralt, appeals from the trial court’s denial of his motion for judgment of acquittal, and its subsequent denial of the defendant’s Rule 3.850 motion for post-conviction relief, which was based on an ineffective assistance of counsel claim. We affirm.
On September 13, 2001, Miami-Dade police officers secured a warrant for a residence where the defendant once resided with his wife, with whom he had separated. At that residence, the police discovered a marijuana hydroponics lab and documents indicating that the owners of the home were the defendant and his wife. The defendant was not at the home at the time the warrant was served.
On October 31, 2001, the defendant was charged with one felony count of trafficking marijuana in excess of 25 pounds but less than 2000 pounds, in violation of section 893.135(l)(a), Florida Statutes (2001). The defendant pled not guilty.
The case proceeded to trial. Prior to the jury verdict, the defendant made two motions for a judgment of acquittal. The trial court denied the first motion and reserved ruling on the second motion. The jury returned a verdict of guilty. Defense counsel again moved for a judgment of acquittal or, in the alternative, a judgment notwithstanding the verdict. The trial court denied the motions and sentenced the defendant to three years imprisonment followed by ten years probation, which is immediately terminable upon the payment of a $25,000 fine.
The defendant filed a notice of appeal of his judgment and sentence, and subsequently filed a motion for post-conviction relief in this court. We relinquished jurisdiction to the lower court for the defendant to pursue his motion for post-conviction relief. Thereafter, the defendant filed a Rule 3.850 motion for post-conviction relief in the trial court, alleging ineffective assistance of counsel. See Fla. R. Crim. P. 3.850. After an evidentiary hearing, the trial court denied the motion, and the defendant appealed. The defendant’s appeal from the judgment and sentence, as well as his appeal from the denial of his motion for post-conviction relief, have been consolidated.
On appeal, the defendant contends: 1) the trial court erred in denying his motion for judgment of acquittal based on the State’s failure to prove that he was in constructive possession of the marijuana found at the home; and 2) the trial court erred in denying his motion for post-conviction relief based on ineffective assistance of counsel. We affirm on both issues.
A trial court’s ruling on a motion for judgment of acquittal is reviewed de novo, and the conviction will not be reversed if it is supported by competent substantial evidence. Boyd v. State, 910 So.2d 167, 180 (Fla.2005) (citing Pagan v. State, 830 So.2d 792, 803 (Fla.2002)). In considering a motion for judgment of acquittal in a circumstantial evidence ease, such as this ease, a special standard of review applies whereby the trial judge is tasked with reviewing the evidence to determine whether competent evidence exists “from which the jury could infer guilt to the exclusion of all other inferences.” Boyd, 910 So.2d at 180. The State is only required to introduce competent evidence which is inconsistent with the defendant’s theory of events, and is not required to *602 conclusively rebut every possible variation of events which can be inferred from the evidence. Id. Once the State meets its threshold burden of creating an inconsistency with the defendant’s theory, the trial court should deny the motion for judgment of acquittal and allow the jury to resolve the inconsistency “to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.” Id. at 180-81.
The defendant contends that the State presented evidence which was purely circumstantial and insufficient to establish that the defendant had knowledge of the presence of marijuana in the house that he once occupied. The defendant further contends that the State did not produce evidence linking him to the marijuana, and did not rebut the reasonable hypothesis of innocence that either the defendant’s estranged wife or unknown third parties were actually the individuals linked to the marijuana.
However, in viewing the evidence in a light most favorable to the State, we find that the State met its burden of creating an inconsistency with the defendant’s theory that he was not in constructive possession of the marijuana. See Johnson v. State, 456 So.2d 923 (Fla. 3d DCA 1984) (viewing the evidence in a light most favorable to the State in considering a motion for judgment of acquittal). In order to establish constructive possession, the State must show: “(1) the defendant’s ability to exercise dominion and control over the contraband; (2) his knowledge of the presence of the contraband; and (3) his awareness of the illicit nature of the contraband.” Id. at 924 (citations omitted). The ability to control the contraband “will be inferred from the ability to exercise control over the premises where [it is] found.” Id.
In the instant ease, the State presented the following documents, among others, which were found in the house: an explanation of benefits from the Social Security Administration addressed solely to the defendant and dated August 2, 2001; an electric bill addressed solely to the defendant for the service dates of May 18, 2001 to June 19, 2001 in the amount of $326.01, plus $189.78 past due for the previous statement balance; and an electric bill addressed solely to the defendant for the service dates of July 19, 2001 to August 17, 2001 in the amount of $327.43, and indicating that the previous statement balance of $504.66 had been paid in full. Additionally, the State’s witness, Detective Robert Holleran, testified that it takes ninety (90) days for marijuana plants to grow to the size of the marijuana plants in question. The jury could reasonably infer, based on the documents solely in the defendant’s name and the testimony of Detective Hol-leran, that the defendant was in possession of the house within the 90-day growing period, and that he was paying to keep the electricity running at the house for the hydroponics lab.
There were also photographs of the defendant in the house, along with men’s clothing and grooming items. There were no women’s grooming items or clothing found in the home during the search. Furthermore, the defendant’s sister-in-law testified that, when the defendant and his wife separated, she helped his wife move out of the house. She testified that she did not know where the defendant was living at the time that the police searched the home.
Viewing this evidence in a light most favorable to the State, we find that the State met its burden of introducing competent evidence which was inconsistent with the defendant’s theory that his estranged wife or unknown third parties were actual *603 ly the individuals linked to the marijuana. The State presented competent substantial evidence by which the jury could reasonably infer that the defendant had the ability to exercise control over the house where the marijuana was found and, therefore, could infer that he had the ability to control the contraband. See Johnson, 456 So.2d at 924. The State was not required to conclusively refute every possible variation of events which could be inferred from the evidence. See Boyd, 910 So.2d at 180; Francis v. State, 808 So.2d 110, 131 (Fla.2001) (quoting State v. Law, 559 So.2d 187, 188-89 (Fla.1989)).
We next address the trial court’s denial of the defendant’s motion for post-conviction relief on his ineffective assistance of counsel claim. Whether counsel was ineffective and whether the ineffective assistance of counsel prejudiced the defendant are mixed questions of law and fact reviewed de novo. Acker v. State, 787 So.2d 77, 83 (Fla. 2d DCA 2001). We afford great deference to the trial court’s factual findings, but conduct an independent review of the legal conclusions based on those findings. See Lee v. State, 899 So.2d 348, 352 (Fla. 2d DCA 2005).
In order to prevail on a post-conviction ineffective assistance of counsel claim, the defendant must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must establish the deficiency of defense counsel’s performance, which “requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.” Id. at 687, 104 S.Ct. 2052. Second, the defendant must establish that counsel’s deficient performance caused prejudice to the defense. Id. To establish that he was prejudiced, the defendant must demonstrate that, “but for counsel’s errors, there is a reasonable probability that the outcome of his trial would have been different.” Dante v. State, 903 So.2d 293, 296-97 (Fla. 3d DCA 2005) (citing Valle v. State, 778 So.2d 960, 965-66 (Fla.2001)). “The benchmark for judging any claim of ineffectiveness must be whether counsel’s conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.” Strickland, 466 U.S. at 686, 104 S.Ct. 2052. Unless the defendant satisfies both prongs of the Strickland test, it cannot be said that the conviction resulted from a dysfunction in the adversary process that rendered an unjust result. Id. at 687, 104 S.Ct. 2052.
The defendant contends that he was tainted by ineffective representation in that defense counsel failed to adequately investigate the case, failed to ascertain the witness’ availability for trial, and did not call exculpatory witnesses at trial. The defendant specifically contends that the defendant provided four defense witnesses to his counsel, two of which purportedly would have testified that they had seen three Latin males going in and out of the home where the marijuana was found in the months leading up to the discovery of the marijuana.
However, at the evidentiary hearing on the defendant’s motion for post-conviction relief for ineffective assistance of counsel, defense counsel testified that he was only informed of witnesses who would testify that they did not see the defendant at the house. Defense counsel further testified that he believed there was no evidence placing the defendant in the house and, thus, it would not make a difference if witnesses said they did not see the defendant at the house.
Moreover, defense counsel testified that he informed the defendant that the defense should bring the case to trial soon. *604 Defense counsel also advised against seeking a continuance because he was unsure what the State might find when they subpoenaed the defendant’s bank accounts. The State contends that the subpoenas were directed at determining who was paying the bills at the house where the marijuana was found.
We find that the defendant did not establish that defense counsel engaged in deficient performance which prejudiced the defendant. In examining defense counsel’s performance, we adhere to a strong presumption that it is reasonable, and we consider defense counsel’s decisions from his perspective under the circumstances at the time of trial. See Lee, 899 So.2d at 352 (citing Downs v. State, 453 So.2d 1102, 1106 (Fla.1984)). In the instant case, the defendant and his counsel made strategic decisions under the impression that the court was going to grant a judgment of acquittal. Therefore, based on the record before us, we conclude that the defendant failed to demonstrate that defense counsel’s representation fell below the objective standard of reasonableness. See Strickland, 466 U.S. at 688, 104 S.Ct. 2052.
Accordingly, we affirm the trial court’s denial of the defendant’s motion for judgment of acquittal, and its denial of the defendant’s motion for post-conviction relief.
Affirmed.