SILBERMAN, Judge.
John Stelmack was found to be in possession of several images showing the faces and heads of two girls, ages eleven and twelve, cut and pasted onto images of a nineteen-year-old woman lewdly exhibiting her genitals. A jury found him guilty of five violations of section 827.071(5), Florida Statutes (2007), which proscribes the knowing possession of a photograph or representation that, in whole or in part, includes “sexual conduct by a child.” We must decide if the trial court erred in denying Stelmack’s motion for judgment of acquittal in which he argued that the evidence was insufficient to establish guilt because the composite images do not vio *875 late section 827.071(5) as a matter of law. Because the statute requires sexual conduct by a child and the only sexual conduct in the images is that of an adult, we are compelled to conclude that the court erred in denying Stelmack’s motion.
Stelmack, who was sixty-two at the time of trial, was hired to serve as the principal of Scott Lake Elementary School in June 2006. In December 2007 school authorities received a complaint that Stelmack was inappropriately hugging some of the female students. School authorities conducted an investigation into the complaint and discovered the five photocopied images at issue in a briefcase in Stelmack’s office closet.
The images from Stelmack’s briefcase are disturbing. They are composite images which were crudely prepared by cutting and pasting a photocopy of the head of a minor onto a photocopy of an adult female. The adult in all five images is a topless nineteen-year-old model squatting with her skirt raised over her hips to lewdly expose her genitals. The child in the first four images is a Scott Lake Elementary School student, and the child in the fifth image is a student from a New York school where Stelmack was formerly employed. The first four images show various stages of morphing the child’s and the adult’s photos in an attempt to create a realistic composite. In the first of the images there is an obvious line between the child’s head and the adult’s body and an obvious difference in skin tones of the head and body. The second and third images are marked with white, crusted correction fluid where the child’s head meets the adult’s body. In the fourth image the line between head and body no longer exists and the photocopy appears to have been lightened to produce a uniform skin tone. The fifth image shows the head of the other child superimposed on the adult body with transparent tape. In this image, the outline of the child’s head is clearly visible.
At trial, the State presented evidence detailing the circumstances leading to the discovery of the images in Stelmack’s briefcase and the investigation that followed. Stelmack’s defense was twofold. First, he disavowed knowledge of the existence of the images and argued that they were planted in his briefcase by a disgruntled employee. Second, he argued that the images did not constitute child pornography as a matter of law because the genitals in the images were that of an adult. The question on review before this court is whether the trial court erred in denying Stelmack’s motion for judgment of acquittal on the latter basis.
This court reviews the denial of a motion for judgment of acquittal de novo. Pagan v. State, 830 So.2d 792, 803 (Fla.2002). “If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.” Id. Thus, in order to sustain Stelmack’s convictions, the evidence must support five counts of possession of child pornography under section 827.071(5).
Section 827.071(5) proscribes the possession of child pornography, in pertinent part, as follows:
It is unlawful for any person to knowingly possess a photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, he or she knows to include any sexual conduct by a child. The possession of each such photograph, motion picture, exhibition, show, representation, or presentation is a separate offense.
(Emphasis added.) “Sexual conduct” is defined as follows:
*876 “Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomachistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”
§ 827.071(l)(g) (emphasis added).
The only applicable type of sexual conduct depicted by the images in this case would be “actual lewd exhibition of the genitals.” Reading the two provisions together, section 827.071(5) requires that the images in question include actual lewd exhibition of the genitals by a child. There is no dispute in this case that the genitals in the images are exhibited by an adult. Thus, possession of these images is not a violation of section 827.071(5).
At most, the images depict a simulated lewd exhibition of the genitals by a child. However, the legislature specifically excluded simulated lewd exhibition from the definition of sexual conduct in section 827.071(l)(g). Section 827.071(l)(g) uses the terms “actual or simulated” to describe “sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse” but does not use the term “simulated” to describe “lewd exhibition of the genitals.” Under the canon of statutory construction known as ex-pressio unius est exclusio alterius,[1] the absence of this term may be considered an expression of legislative intent to exclude simulated lewd exhibition of the genitals from the crime of possession of child pornography under section 827.071(5). See Capers v. State, 678 So.2d 330, 332 (Fla.1996).
If the legislature had intended to proscribe the possession of composite images that simulate lewd and lascivious exhibition of the genitals, it could have included a provision doing so.[2] In fact, child pornography has been defined in the federal statutes to specifically include composite images as follows:
“[C]hild pornography” means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where ... such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.
18 U.S.C. § 2256(8)(C) (2008) (emphasis added).
Furthermore, the legislative history of section 827.071 reveals that it was aimed at preventing the exploitation of children in sexual performances, and no children engaged in sexual performances to create the composite images in this case. Chapter 827 is entitled “Abuse of Children,” and the title of section 827.071 is “Sexual performance by a child; penalties.” When section 827.071 was created in 1983, the bill that led to its creation was summarized in a staff summary prepared for the joint legislative committee. The summary includes the following explanation of the intent of section 827.071:
*877 The intent of this legislation is to facilitate the prosecution of persons who use or promote any sexual performance by a child, which is not necessarily obscene. A distinction is drawn between child abuse and pornography, with the focus on the child abuser. This legislation is directed at two types of people — those who use children in sexual performances and those who, being the parent or guardian of the child, “consent” to the child’s participation in such activities.
Fla. H.R. Comm, on Crim. Just., HB 148 (1983) Staff Analysis 2 (Apr. 14, 1988) (on file with comm.) (emphasis added).
We do not mean to suggest that the possession of composite images of real children that simulate lewd and lascivious exhibition of the children’s genitals should not be criminalized. However, there is no indication in either the plain language of section 827.071(5) or its legislative history that the legislature intended to do so. “ ‘[Statutes creating and defining crimes cannot be extended by construction or interpretation to punish an act, however wrongful, unless clearly within the intent and terms of the statute.’” Clement v. State, 895 So.2d 446, 448 (Fla. 2d DCA 2005) (alteration in original) (quoting Hutchinson v. State, 315 So.2d 546, 547 (Fla. 2d DCA 1975)). Thus, even if the statutory language were susceptible to different meanings, we would be compelled by the rule of lenity to construe it in Stelmack’s favor. See § 775.021(1), Fla. Stat. (2007); Clement, 895 So.2d at 448.
The State argues that the images are proscribed by the plain language of section 827.071(5) because they are photographs or representations “which ... in part ... include ... sexual conduct by a child.” (Emphasis added.) In support of this argument, the State relies on the case of United States v. Bach, 400 F.3d 622 (8th Cir.2005), in which the circuit court upheld a conviction based on the receipt of a similar type of composite photograph.
We do not agree that an application of section 827.071(5) can be based on a claim that the images in this case partially depict the lewd exhibition of the genitals of a child. We recognize that section 827.071(5) proscribes the knowing possession of a photograph or representation “which, in whole or in part, he or she knows to include any sexual conduct by a child.” However, when the sexual conduct at issue is the “actual lewd exhibition of the genitals” as defined in section 827.071(l)(g), at least some part of the image must in fact display a child who is actually lewdly exhibiting his or her genitals. In this case, no part of any of the images displays a child who is actually lewdly exhibiting her genitals. Moreover, the State’s reliance on Bach is misplaced because it relies on the federal statute, which, as we have already noted, specifically includes composite images in its definition of child pornography. See 18 U.S.C. § 2256(8)(C).
In conclusion, composite images must include actual lewd exhibition of the genitals “by a child” in order for their possession to be proscribed by section 827.071(5). Unseemly as the images in this case may be, their possession is not proscribed by section 827.071(5) because the only sexual conduct in the images is that of an adult. Thus, the trial court erred in denying Stel-mack’s motion for judgment of acquittal. Because there are no applicable lesser-included offenses, we reverse and remand with directions for the trial court to discharge Stelmack.
Reversed and remanded.
DAVIS and CRENSHAW, JJ., Concur.

. " ‘[T]he mention of one thing implies the exclusion of another.’ ” Capers v. State, 678 So.2d 330, 332 (Fla.1996) (quoting Thayer v. State, 335 So.2d 815, 817 (Fla.1976)).

. We leave for another day a discussion of the constitutionality of such a provision.