EMAS, J.
We affirm without discussion the defendant’s conviction for second-degree murder, but reverse the life sentence and remand for resentencing. The State properly conceded that the trial court erred in imposing a written sentence that conflicts with the oral pronouncement. The written sentence designated the defendant both a prison releasee reoffender and a habitual felony offender. The oral pronouncement, however, reflects that the trial court designated the defendant a prison releasee reoffender only. The oral pronouncement of sentence prevails over a subsequent and conflicting written sentencing order. Justice v. State, 674 So.2d 123 (Fla.1996).
Conviction affirmed. Sentence reversed and remanded to enter a corrected sentencing order reflecting defendant’s designation as a prison releasee reoffender and removing the designation as a habitual felony offender.[1]

. Because second-degree murder is a first-degree felony punishable by life, see section 782.04(2), Florida Statutes (2007), Scott’s status as a prison releasee reoffender requires imposition of a mandatory life sentence. See § 775.082(9)(a)3.a„ Fla. Stat. (2007) (mandating that a prison releasee reoffender convicted of "a felony punishable by life” must be sentenced to "a term of imprisonment for life”); State v. Garcia, 923 So.2d 1186 (Fla. 3d DCA 2006) (holding imposition of a sentence under prison releasee reoffender act is mandatory, and trial court has no discretion to impose a lesser sentence). The correction of the sentencing order to remove the habitual felony offender designation is a ministerial act that does not (and cannot) have any effect on the corrected sentence. The defendant therefore need not be present for this purpose. See Catalan v. State, 911 So.2d 203 (Fla. 3d DCA 2005).