# Third District Court of Appeal

## State of Florida

Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-830
Lower Tribunal No. 09-20775-C
_____

**Geovanny Padron,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Stephen J. Weinbaum, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for appellee.

Before ROTHENBERG, EMAS, and FERNANDEZ, JJ.

ROTHENBERG, J.

Geovanny Padron ("the defendant") appeals from a final judgment of conviction and sentence for first-degree felony murder, attempted second-degree murder, armed burglary, and aggravated battery with a deadly weapon. The defendant specifically contends that the trial court erred by denying his motion for judgment of acquittal, claiming that the State failed to produce sufficient evidence to convict him as a principal for felony murder, attempted murder, and burglary. Because we find that the evidence adduced at trial, when considered in the light most favorable to the State, supports the jury's verdict finding the defendant guilty, we affirm.

## BACKGROUND

Felix Soto ("Soto") and Rafael Aguilera ("Aguilera") went to Giancarlo Castillo's ("Castillo") residence at 11:00 p.m. to confront him because they believed that Castillo was responsible for burglarizing Soto's home. According to witnesses who were at Castillo's residence, Soto and Aguilera knocked on Castillo's front door and asked Castillo to go outside to speak with them. When Castillo told them to leave and threatened to call the police, Soto and Aguilera left. A little while later, there was a second knock at Castillo's door. Castillo opened the door, and when Castillo tried to slam the door closed, the door was kicked in by the defendant. Soto, Aguilera, and the defendant entered and immediately attacked Castillo, Mario Fernandez ("Fernandez"), and Eric Edmundson ("Edmundson"),

2

the male occupants who were present at Castillo's residence. Before they fled from Castillo's residence, Soto bludgeoned Fernandez with a machete, Aguilera beat Castillo to death with a baseball bat, and the defendant beat Edmundson unconscious.

The defendant's former girlfriend testified that when Soto and Aguilera returned from their first visit to Castillo's residence, they were upset and they convinced the defendant to go back to Castillo's residence with them. The defendant told his former girlfriend that he and his companions were going "to go see three people" and "they were going to fight with these people because they believed that they were the ones that had broken into the house." The former girlfriend told the police during their investigation that the defendant went with Soto and Aguilera "because there were three of them, and it had to be three against three." The former girlfriend further testified that after the defendant returned from Castillo's residence, the defendant told her that they entered Castillo's residence, they fought the occupants, and he knocked his opponent down.

Soto, Aguilera, and the defendant were all charged as principals with the first-degree felony murder of Castillo, the attempted premeditated first-degree murder of Fernandez, the aggravated battery with a deadly weapon on Edmundson, and armed burglary. The defendant was convicted as charged on all counts except for attempted first-degree murder, where he was instead convicted of the lesser

3

included offense of attempted second-degree murder. He was sentenced to life for the felony murder and burglary counts, to thirty years in prison for the attempted murder count, and to fifteen years in prison for the aggravated battery count, with all sentences running concurrently. The defendant timely appealed.

## ANALYSIS

"Appellate courts review the denial of a motion for judgment of acquittal under the de novo standard, and must consider the evidence and all reasonable inferences from the evidence in a light most favorable to the State." McDuffie v. State, 970 So. 2d 312, 332 (Fla. 2007); Giralt v. State, 935 So. 2d 599, 601 (Fla. 3d DCA 2006) (stating that in the context of reviewing a trial court's ruling on a motion for judgment of acquittal, "the conviction will not be reversed if it is supported by competent substantial evidence").

The defendant argues that he is only guilty, at best, of trespass and an aggravated battery for striking Edmundson, but that he is not guilty as a principal of the first-degree felony murder of Castillo, the attempted second-degree murder of Fernandez, or armed burglary. The defendant claims that there is no evidence that he intended for those crimes to be committed and that Soto's attack on Fernandez and Aguilera's attack on Castillo were independent acts, for which he cannot be punished. Therefore, this appeal rests on the application of the law as to principals and whether, when considered in the light most favorable to the State,

4

there was sufficient evidence to support the jury's finding of the defendant's guilt as a principal.

Section 777.011, Florida Statutes (2009), sets forth who may be charged as a principal under Florida law:

> Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense

Additionally, "[f]elons are generally held responsible for the acts of their co-felons." Barron v. State, 990 So. 2d 1098, 1104 (Fla. 3d DCA 2007). "One who participates with another in a common criminal scheme is guilty of all crimes committed in furtherance of that scheme regardless of whether he or she physically participates in that crime." Lovette v. State, 636 So. 2d 1304, 1306 (Fla. 1994) (quoting Jacobs v. State, 396 So. 2d 713, 716 (Fla. 1981)).

According to the independent act doctrine, when a defendant who previously participated in a common scheme does not participate in criminal acts perpetrated by one of his co-felons, and those criminal acts "fall outside of, and are foreign to, the common design of the original collaboration," the defendant will be exonerated from any punishment for the independent acts of his co-felon. Ray v. State, 755 So. 2d 604, 609 (Fla. 2000) (internal quotation marks and citations omitted). "Where,

5

however, the defendant was a willing participant in the underlying felony and *the murder resulted from forces which they set in motion*, no independent act instruction is appropriate." <u>Pearce v. State</u>, 880 So. 2d 561, 574 (Fla. 2004) (emphasis in <u>Pearce</u>) (quoting <u>Ray</u>, 755 So. 2d at 609).

Considering the facts in the light most favorable to the State, Soto and Aguilera sought out the defendant's help so that upon their return to Castillo's residence, they could fight with the three male occupants inside. When Soto, Aguilera, and the defendant arrived, Castillo slammed the door on them, the defendant kicked in the door, and all three co-felons entered and immediately attacked the male occupants. Soto incapacitated Fernandez with a machete, Aguilera beat Castillo to death with a baseball bat, and the defendant beat Edmundson unconscious. Therefore, there was competent substantial evidence that the defendant intentionally participated in a common scheme to break into Castillo's residence and physically harm the three male occupants. This evidence supports the jury's finding as to the defendant's guilt for armed burglary.

Moreover, because there was evidence from which the jury could have concluded that when the defendant, Soto, and Aguilera went to and forcibly entered Castillo's residence, they intended to attack the three male occupants, Soto's attack on Fernandez and Aguilera's attack on Castillo were clearly within the scope and design of the group's criminal scheme. <u>Bradley v. State</u>, 33 So. 3d

664, 675 (Fla. 2010) ("[E]ven if the intended underlying criminal enterprise was merely to 'beat some sense' into Mr. Jones, the beating would clearly be considered a foreseeable force which set in motion the killing."). While the defendant might not have intended to kill anyone, there is sufficient evidence of his intent to fight with the occupants inside Castillo's residence, and the death of one of the victims who was beaten was not outside of or foreign to the original common scheme. Accordingly, the independent act doctrine does not apply, and the defendant's conviction for the criminal acts of his co-felons in furtherance of their common scheme is supported by competent substantial evidence.

## CONCLUSION

In summary, the trial court did not err by denying the defendant's motion for judgment of acquittal because: (1) the State introduced competent substantial evidence of the defendant's willful participation in the common scheme to unlawfully enter Castillo's residence and attack the male occupants therein; (2) the defendant's co-felons' criminal acts were neither outside of nor foreign to this common scheme; and thus, (3) the defendant's conviction as a principal for his co-felon's criminal acts was supported by competent substantial evidence at trial. Accordingly, we affirm.[1]

Affirmed.

---

[1] We find the defendant's remaining arguments to be without merit, and thus, we decline to specifically address them here.