# Third District Court of Appeal

## State of Florida

Opinion filed November 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-686
Lower Tribunal Nos. 13-18864 & 13-21042

_____

**Timothy Towns,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.


Before SUAREZ, EMAS, and FERNANDEZ, JJ.

SUAREZ, J.

Timothy Towns seeks to reverse the trial court's Order of Revocation of Probation, and his sentence of five years in prison. For the reasons set forth below,

we reverse, in part, concluding that there is no competent and substantial evidence to support the trial court's finding that Towns willfully and substantially violated conditions (4) and (5) of his probation, possession of a firearm, and possession of cannabis with intent to sell, respectively. We affirm the trial court's finding that Towns willfully and substantially violated condition (6) of his probation by associating with persons engaged in criminal activity.

In 2013, Towns pleaded guilty to the offense of grand theft of a vehicle and was placed on three years of reporting probation, which in December 2016 was modified and extended for one year. In January 2017, while driving his own car, Towns was stopped by police for a traffic infraction. He was not alone in the car. Another person was in the passenger seat, and two persons were in the back seat. The officer who stopped the vehicle smelled marijuana emanating from within the car and ordered everyone out. Upon searching the vehicle, the officer found two clear baggies each containing multiple packages of marijuana and a handgun with an extended magazine all tucked under the middle of the back seat. A records check revealed that the handgun had been stolen. Towns and the two backseat passengers were arrested for possession of marijuana with intent to sell; the front passenger was allowed to leave.

Towns was charged with violation of probation for possession of the handgun, for possession of marijuana with intent to sell, for failing to pay the $10/month costs of supervision, and for associating with persons engaged in

criminal activity. At Towns' probation violation hearing, the State alleged that he possessed both the handgun and the marijuana with intent to sell. The record shows that, upon arrest, Towns had stated he had no knowledge of the gun or drugs. The arresting officer testified that there was no evidence that Towns exercised dominion or control over the gun or bags of marijuana under the back seat, other than the fact Towns owned the car and the officer observed the driver's seat was reclined in such a way that the driver could have reached into the back seat area. The trial court concluded that Towns willfully and substantially violated his probation by possessing the firearm, possessing the marijuana with the intent to sell, and by associating with persons engaged in criminal activity, i.e., the two backseat passengers. The trial court revoked Towns' probation and sentenced him to five years in prison. Towns brought this timely appeal.

We review the trial court's ruling on revocation of probation for abuse of discretion. Thompson v. State, 172 So. 3d 527 (Fla. 3d DCA 2015). In order to support revocation of probation, the trial court was required to determine whether Towns willfully and substantially violated the conditions of his probation. See State v. Carter, 835 So. 2d 259 (Fla. 2002) (holding a violation of probation must be both willful and substantial before a defendant's probation may be revoked). We review the trial court's finding of a willful and substantial violation for whether it is supported by competent substantial evidence. Harris v. State, 898 So. 2d 1126 (Fla. 3d DCA 2005); Savage v. State, 120 So. 3d 619 (Fla. 2d DCA 2013).

To allow the court to find Towns willfully and substantially violated his probation by possessing the gun and marijuana, the State was required to prove that Towns had actual or constructive possession of this contraband. In this case, the State was unable to prove actual possession because the State could not establish that the gun and bags of marijuana were in Towns' hand, or on his person, or were within his "ready reach." See Sundin v. State, 27 So. 3d 675, 676 (Fla. 2d DCA 2009). It is undisputed that Towns did not have the gun or baggies of marijuana on his person, and the record shows Towns was in the driver's seat while the gun and bags of marijuana were jammed under the back seat. The contraband was not "so close as to be within ready reach" and considered in Towns' actual possession. See Reynolds v. State, 983 So. 2d 1192, 1194 (Fla. 3d DCA 2008); McCoy v. State, 840 So. 2d 455, 456 (Fla. 4th DCA 2003) (citing Fla. Std. Jury Instr. (Crim.) 25.7 (2002)).

As the State was unable to prove that Towns had actual possession of either the firearm or the drugs, the State had to establish Towns had constructive possession – that Towns knew of the contraband's presence, and that he exercised dominion and control over it. See Smith v. State, 687 So. 2d 875 (Fla. 2d DCA 1997). To establish constructive possession, the State had to prove that: (1) the defendant knew that the contraband was within his presence; (2) the defendant had the ability to maintain control over the contraband; and (3) the defendant knew of the illicit nature of the contraband. Id. Additionally, if the property where the

4

contraband is found is not in the defendant's exclusive control, the defendant's knowledge of the presence of the contraband must be established by independent proof. See Gonzalez v. State, 832 So. 2d 898, 899 (Fla. 3d DCA 2002); Smith, 687 So. 2d at 875. Independent proof may be established through the defendant's own statements, witness testimony or "incriminating circumstances other than mere proximity to the contraband." Tucker v. State, 198 So. 3d 1011, 1014 (Fla. 2d DCA 2016); see also De La Cruz v. State, 884 So. 2d 349, 351 (Fla. 2d DCA 2004) (holding if the drugs are not located inside the accused's exclusive possession, the State cannot infer his or her knowledge of the presence of and control over the drugs; the State must provide independent proof of knowledge); Johnson v. State, 456 So. 2d 923, 924 (Fla. 3d DCA 1984) (holding that proximity to contraband, without more, is legally insufficient to establish constructive possession).

We find the evidence was insufficient to prove Towns had the ability to maintain control over the contraband items. As the driver, Towns did not have exclusive control over the backseat area where the contraband gun and marijuana were located, nor could he have reasonably reached underneath the back seat from his position in the driver's seat. This is particularly significant when two passengers occupied the back seat of the vehicle with easy access to the underside of the back seat where the gun and marijuana had been stuffed. Aside from there being insufficient proof of constructive possession, the record contains no

5

independent proof that Towns controlled the weapon or the baggies of marijuana, which may have been placed there by the backseat passengers. The mere smell of marijuana is not proof that Towns had dominion and possession of the drugs.

We find there was, however, competent substantial evidence for the trial court's finding that Towns willfully and substantially violated condition 6 of his probation by associating with persons engaged in criminal activity. The police officer testified that there was a strong odor of marijuana coming from Towns' car, and the police found two clear baggies jammed under the back seat, each filled with marijuana packaged for sale. Two passengers were in the back seat within easy reach of the baggies. Even if Towns did not exercise physical dominion or control over the marijuana, the trial court was within its discretion to conclude that evidence of the strong odor of marijuana was sufficient to put Towns on notice that it was in his car. Based on these facts, there was competent substantial evidence to support the trial court's conclusion that the two backseat passengers were engaged in the criminal activity of possessing marijuana with intent to sell and that Towns consequently violated his probation by associating with them.

After careful review of the record, we conclude that the State's evidence was insufficient to prove that Towns exercised the required dominion or control over the gun and marijuana to prove constructive possession. We consequently reverse the order revoking Towns' probation for violating condition (4) and (5) of his probation and remand with instructions to strike the probation violation charges of

possession of a firearm and possession of marijuana with intent to sell. We also find there was competent and substantial evidence to support the trial court's conclusion that Towns willfully and substantially violated condition (6) of his probation by associating with persons engaged in criminal activities. We therefore affirm that portion of the order and remand for reconsideration of the revocation of probation because the record does not make clear whether the trial court would have revoked Towns' probation and imposed the same sentence based on the sole remaining probation violation.[1]

Reversed and remanded with instructions.[2]

---

[1] Rather than impose a prison term, the trial court could reinstate probation, increase its length, or modify the conditions.

[2] We note the trial court determined that Towns did not violate probation condition (2) by failing to pay the monthly cost of supervision, and any written order on remand should reflect this determination.