# Third District Court of Appeal

## State of Florida

Opinion filed April 26, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-883
Lower Tribunal No. F04-8716B
_____

**Shayeon Swain,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before EMAS, MILLER and LOBREE, JJ.

EMAS, J.

In 2008, pursuant to a negotiated plea agreement, Shayeon Swain pleaded guilty to the charges of armed burglary, armed robbery, attempted armed robbery, aggravated battery, and two counts of attempted second-degree murder. In exchange for his guilty pleas, the State nolle prossed other pending charges, and agreed to a sentence of fifteen years' state prison followed by five years of reporting probation. The written order of supervision provided that Swain was required to report to probation upon his release from prison, and report to probation every month thereafter. At the time of his plea, Swain signed an acknowledgment form confirming that he received, read and understood these conditions and agreed to comply with them.

On April 29, 2019, Swain's probation officer filed an affidavit of violation of probation, alleging Swain violated his probation by, inter alia, willfully failing to comply with the instructions of his probation officer and failing to report to his probation officer as directed. Based on the filing of the affidavit of violation, a probation warrant was also issued for Swain's arrest. That probation arrest warrant remained outstanding for more than two years, until June 21, 2021, when Swain was arrested on the warrant.

Thereafter, the trial court held a violation of probation hearing. The testimony presented at the hearing included that of Swain's probation officer, Ms. Lewis, who testified that on March 8, 2019, following Swain's release

2

from prison, she and Swain met at the probation office, where she instructed Swain regarding the conditions of his probation and his obligation to report monthly. Ms. Lewis ensured Swain understood these conditions of his supervision and answered any questions he had. Ms. Lewis advised Swain of his next appointment with her (April 10, 2019) and provided him with a letter that included the appointment date and time. Nevertheless, Swain failed to report to the probation office on April 10 as directed and required, and in fact he never reported to the probation office again. Ms. Lewis filed the operative affidavit of violation of probation on April 29, 2019, and testified that she did not know where Swain was for more than two years, when Swain was taken into custody in 2021 on the outstanding probation warrant.

Viewing the evidence presented in a light most favorable to upholding the trial court's findings, we hold there was competent substantial evidence to establish (by the greater weight of the evidence) that Swain willfully and substantially violated his probation by failing to report as directed by his probation officer. See State v. Carter, 835 So. 2d 259, 262 (Fla. 2002) ("The trial court has broad discretion to determine whether there has been a willful and substantial violation of a term of probation and whether such a violation has been demonstrated by the greater weight of the evidence."); Towns v. State, 259 So. 3d 291, 293 (Fla. 3d DCA 2018) (holding that the appellate

3

court reviews the trial court's finding of willful and substantial violation for competent substantial evidence under an abuse of discretion standard).

While it is true that Swain also testified at the hearing and offered testimony which, if believed, might diminish or negate the willfulness of his failure to appear, it was for the trial court, as factfinder, to weigh the testimony presented and make any credibility determinations necessary to resolve any conflicts in the testimony or disputed issues of fact, including the probationer's intent in failing to comply with his conditions of supervision. Carter, 835 So. 2d at 262 ("The trial court is in a better position to identify the probation violator's motive, intent, and attitude and assess whether the violation is both willful and substantial"); Mendoza v. State, 349 So. 3d 912 (Fla. 3d DCA 2022); Robles-Martinez v. Diaz, Reus & Targ, LLP, 88 So. 3d 177, 182 (Fla. 3d DCA 2011) ("The testimony and other evidence presented by the parties required the trial court, as the factfinder, to make credibility determinations and resolve the conflicts in the evidence. It is not the function of this court to re-weigh the evidence or substitute its judgment for that of the trial court, but rather to determine whether there was competent substantial evidence to support the trial court's factual determinations"). We therefore affirm the trial court's order revoking Swain's probation upon a finding of a willful and substantial violation.

In his second claim on appeal, Swain contends that the trial court erred in entering an order designating Swain a Violent Felony Offender of Special Concern (VFOSC) who poses a danger to the community, without making the written findings required by section 948.06(8)(e), Florida Statutes (2022), which provides:

(e) If the court, after conducting the hearing required by paragraph (d), determines that a violent felony offender of special concern has committed a violation of probation or community control other than a failure to pay costs, fines, or restitution, **the court shall**:

1. Make **written findings** as to whether or not the violent felony offender of special concern poses a danger to the community. In determining the danger to the community posed by the offender's release, the court shall base its findings on one or more of the following:

a. The nature and circumstances of the violation and any new offenses charged.
b. The offender's present conduct, including criminal convictions.
c. The offender's amenability to nonincarcerative sanctions based on his or her history and conduct during the probation or community control supervision from which the violation hearing arises and any other previous supervisions, including disciplinary records of previous incarcerations.
d. The weight of the evidence against the offender.
e. Any other facts the court considers relevant.

2. Decide whether to revoke the probation or community control.

a. If the court has found that a violent felony offender of special concern poses a danger to the community, the court shall revoke probation and shall sentence the offender up to the statutory maximum, or longer if permitted by law.

5

b. If the court has found that a violent felony offender of special concern does not pose a danger to the community, the court may revoke, modify, or continue the probation or community control or may place the probationer into community control as provided in this section.

(Emphasis added).

If a probationer qualifies as a VFOSC and is found to have violated a non-monetary condition of probation, the statute requires the trial court to make written findings as to whether the probationer poses a danger to the community. McCray v. State, 283 So. 3d 406 (Fla. 3d DCA 2019). This statutory requirement of written findings is mandatory, not discretionary. Smith v. State, 306 So. 3d 1147 (Fla. 3d DCA 2020). We review this issue de novo. McCray, 283 So. 3d at 408.

We do not reach the merits of Swain's claim because, as the State correctly points out, Swain was required to first raise this claim of sentencing error either at the time of sentencing or by way of a motion pursuant to Florida Rule of Criminal Procedure 3.800(b), and the failure to do so renders the claim unpreserved for appellate review. See Fla. R. App. P. 9.140(e) ("A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of sentencing; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b)"); Brannon v. State, 850 So. 2d 452 (Fla. 2003); Holton v. State,

318 So. 3d 654 (Fla. 1st DCA 2021) (by not filing a motion to correct sentencing error pursuant to 3.800(b), defendant failed to preserve for appellate review his claim that trial court erred in failing to make statutorily required findings of dangerousness under VFOSC statute).

Affirmed.