# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1084
Lower Tribunal No. F22-17777
_____

**Deivys Diaz,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

Daniel J. Tibbitt, P.A., and Daniel J. Tibbitt, for appellant.

James Uthmeier, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for appellee.

Before LINDSEY, GORDO and GOODEN, JJ.

GORDO, J.

Deivys Diaz ("Diaz") appeals a final judgment of conviction and sentence for possession of a sexual performance by a child. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

**I.**

Diaz and Mara Machin ("Machin") were domestic partners living together with their two minor children in the same household. Diaz secretly filmed his fourteen-year-old daughter, V.D., partially naked while lying in her bed and engaging in sexual conduct by pleasing herself. The video recording lasted approximately seven minutes and included zoomed-in images of V.D.'s exposed breasts.[1]

Diaz later showed the video to Machin, who told him to delete it. Diaz did not delete the video. Thereafter, Machin took V.D. to the police station and filed a report. Diaz was subsequently arrested and voluntarily turned over the video recording to the police.

The State charged Diaz with one count of possession of a sexual performance by a child, under section 827.071(5), Florida Statutes.[2] At trial, Diaz moved for a judgment of acquittal, arguing he filmed V.D. out of parental

---

[1] Diaz concedes that the contents of the video are undisputed.

[2] Diaz was also charged with three counts of sexual activity with a child by a person in familial or custodial authority and one count of video voyeurism involving a child. After a trial, he was acquitted on these counts.

2

concern to investigate her online sexual communications and not for sexual gratification. The trial court denied the motion.

Following the trial, the jury found Diaz guilty of possession of a sexual performance by a child. The trial court sentenced Diaz to 366 days in prison and four years of sex offender probation. This appeal followed.

## II.

"A trial court's ruling on a motion for judgment of acquittal is reviewed *de novo,* and the conviction will not be reversed if it is supported by competent substantial evidence." Giralt v. State, 935 So. 2d 599, 601 (Fla. 3d DCA 2006). "If after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." Babbs v. State, 187 So. 3d 925, 927 (Fla. 4th DCA 2016) (quoting Garrido v. State, 97 So. 3d 291, 298 (Fla. 4th DCA 2012)).

## III.

Diaz argues the trial court erred in denying his motion for judgment of acquittal because the State presented insufficient evidence that he committed the offense of possession of a sexual performance by a child. He contends that section 827.071(5), Florida Statutes, requires proof of an

3

"intent to arouse or gratify sexual desire," which he claims he did not possess.[3]

Section 827.071(5) defines the crime of possession of a sexual performance by a child as:

> It is unlawful for any person to **knowingly possess**, control, or intentionally view a photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation which, in whole or in part, **he or she knows to include child pornography**.

§ 827.071(5), Fla. Stat. (emphasis added).

"Child pornography" means "[a]ny image depicting **a minor engaged in sexual conduct**[.]" § 827.071(1)(b)(1), Fla. Stat. (emphasis added). "Sexual conduct" includes "**masturbation**," or "actual physical contact with a person's clothed or unclothed [] **pubic area**, buttocks, or, if such person is a female, **breast**, with the intent to arouse or gratify the sexual desire of either party . . . ." § 827.071(1)(l), Fla. Stat. (emphasis added).

To prove the offense of possession of a sexual performance by a child, the State must show that "[a] person . . . knowingly possess[es], control[s], or intentionally view[s]" content that "he or she knows to include child pornography." § 827.071(5), Fla. Stat. On de novo review, we find the State

---

[3] We affirm the other issues raised without further discussion.

4

put forward sufficient evidence to sustain Diaz's conviction. Whether the subject recorded video content met the definition of child pornography was a question presented to the jury. The jury found the elements of the offense proven beyond a reasonable doubt. Because Diaz's conviction is well supported by competent substantial evidence in the record, we conclude the trial court properly denied his motion for judgment of acquittal. See Parker v. State, 81 So. 3d 451, 453 (Fla. 2d DCA 2011) ("To prove the crime of possession of child pornography, a person must '**knowingly** possess a photograph, representation, or other presentation which, in whole or in part, **he or she knows** to include any sexual conduct by a child.'" (quoting Stelmack v. State, 58 So. 3d 874, 875 (Fla. 2d DCA 2010))) (emphasis added); Schmitt v. State, 590 So. 2d 404, 410-14 (Fla. 1991) ("[T]he Court must be mindful that sexual exploitation of children is a particularly pernicious evil that sometimes may be concealed behind the zone of privacy that normally shields the home. . . . [I]t is evident beyond all doubt that any type of sexual conduct involving a child constitutes an intrusion upon the rights of that child, whether or not the child consents and whether or not that conduct originates from a parent. . . . Indeed, [section 827.071(5)] contains two separate intent requirements: It is unlawful for any person to *knowingly* possess any photograph, motion picture, exhibition, show, representation, or

other presentation which, in whole or in part, he *knows* to include any sexual conduct by a child. There thus is no question that the misbehavior reached by the statute is the *intentional* exploitation of children.") (footnote and citation omitted); <u>Pagan v. State</u>, 830 So. 2d 792, 803-04 (Fla. 2002) ("In reviewing a motion for judgment of acquittal . . . . an appellate court will not reverse a conviction which is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction. . . . The trial court did not err in denying [Appellant's] motion for judgment of acquittal.") (internal citation omitted).

Affirmed.