# Third District Court of Appeal

## State of Florida

Opinion filed October 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0845
Lower Tribunal No. 21-MM-819-A-K
_____

**Casey Vassar,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the County Court for Monroe County, Albert L. Kelley, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Camilo Montoya, Assistant Attorney General, for appellee.

Before LOGUE, GORDO and LOBREE, JJ.

GORDO, J.

Casey Vassar ("Vassar") appeals from a final judgment of conviction and sentence on three counts of attempting to lure or entice a child under the age of twelve into a conveyance for other than a lawful purpose.[1] We have jurisdiction. Fla. R. App. P. 9.140(b)(1)(A). We affirm the judgment but remand for the correction of certain sentencing errors.

Vassar argues the trial court erred in denying his motion for judgment of acquittal because the State presented insufficient evidence that he attempted to lure or entice any children into his truck. On de novo review,[2] we find the State put forward sufficient evidence to sustain Vassar's conviction. Whether Vassar's conduct constituted an attempt to lure or entice a child was a question presented to the jury. The jury found him guilty beyond a reasonable doubt. Because Vassar's conviction is supported by competent substantial evidence in the record, we conclude the trial court

---

[1] "A person 18 years of age or older who intentionally lures or entices, or attempts to lure or entice, a child under the age of 12 into a structure, dwelling, or conveyance for other than a lawful purpose commits a misdemeanor of the first degree[.]" § 787.025(2)(a), Fla. Stat. (2021).

[2] "A trial court's ruling on a motion for judgment of acquittal is reviewed *de novo,* and the conviction will not be reversed if it is supported by competent substantial evidence." Giralt v. State, 935 So. 2d 599, 601 (Fla. 3d DCA 2006). "If after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." Babbs v. State, 187 So. 3d 925, 927 (Fla. 4th DCA 2016) (quoting Garrido v. State*,* 97 So.3d 291, 298 (Fla. 4th DCA 2012)).

properly denied his motion for judgment of acquittal.  See Pagan v. State, 830 So. 2d 792, 803-04 (Fla. 2002) ("In reviewing a motion for judgment of acquittal . . . . an appellate court will not reverse a conviction which is supported by competent, substantial evidence.  If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction. . . . The trial court did not err in denying [Appellant's] motion for judgment of acquittal.").

Vassar also challenges the sentencing order, arguing the trial court improperly (1) prohibited early termination as a special condition of probation, (2) assessed a $40 investigation cost to the Key West Police Department without a request from the department, (3) imposed a $450 public defender application fee instead of the $50 orally pronounced, (4) assessed $439 in court costs without citing statutory authority, and (5) ordered each cost and fine three times despite orally pronouncing that they be imposed only once.  The State concedes these errors.  Accordingly, we affirm the final judgment of conviction but remand for further proceedings with directions for the trial court to enter a corrected sentencing order.  See Murphy v. State, 976 So. 2d 1242, 1243 (Fla. 2d DCA 2008) ("The trial court erroneously imposed a no early termination of probation condition. . . .  The

3

State concedes error. Therefore, we direct the trial court, on remand, to strike the special condition of probation and to correct the sentence and probation order so that the DOC is aware that the special condition no longer exists."); Milton v. State, 295 So. 3d 1249, 1250 (Fla. 5th DCA 2020) ("[W]e affirm Appellant's judgment and sentence. However, we remand for a corrected costs judgment striking the $100 cost of investigation for the DeLand Police Department because it was not requested, and the State offered no evidence to support the amount."); Scott v. State, 109 So. 3d 866, 866 (Fla. 3d DCA 2013) ("The State properly conceded that the trial court erred in imposing a written sentence that conflicts with the oral pronouncement. . . . The oral pronouncement of sentence prevails over a subsequent and conflicting written sentencing order."); Woods v. State, 393 So. 3d 742, 742-43 (Fla. 4th DCA 2024) ("Woods argues that the circuit court impermissibly awarded . . . court costs without identifying the statutory authority for the award . . . . The circuit court did not break down the statutory authority for the court costs . . . . Woods and the State agree that certain of the costs were required. . . . As a result, we remand that issue to the circuit court for an evidentiary hearing to determine the statutory bases for . . . court costs.").

Affirmed; remanded with instructions.